JOSEPH B. PALMER, *Petitioner, versus* GIDEON TUCKER & *al.,*
*Assignees.*

One who had cut and hauled to his mill a quantity of timber, from the land
of another, under a contract with the owner thereof, has a *lien* at common
law for his labor upon the lumber in his possession, which was manufac-
tured from the timber, and also upon the logs which are unsawed.

And if a part of the lumber has been delivered to, and taken away, by the
owner, his whole claim for cutting, hauling and sawing, is a *lien* upon that
part which remains in his possession.

Although his lien accrued prior to the enactment of the law of 1856, c. 273,
he is entitled to the provisions of that statute for the enforcement of his lien.

Nor will he be considered as having abandoned or waived his claim, if, pre-
vious to the passage of that law, he had caused his demand to be sued, and
the lumber attached, if he retained possession of it, insisted on his lien, and
no judgment had been rendered in that suit.

PETITION for enforcing a common law lien under the pro-
visions of c. 273 of the laws of 1856. The petitioner sets
forth that he has in his possession forty thousand feet of pine
boards and two thousand feet of pine logs, cut and manufac-
tured from timber, which, at the time of the cutting and hauling
and sawing of the same, was the property of Thomas Cutts,
but which boards and logs are now the property of Thomas
M. Hayes and Gideon Tucker, as the assignees of said Cutts
thereof, for the benefit of his creditors, &c.; that the lien of
the petitioner had accrued before the said Cutts assigned as
aforesaid.

The petitioner then specifies the claim, which he alleges to
be a lien on said boards, and also his demand, that is a lien on
the logs; alleges that the said assignees have refused to pay
his claim; and prays that legal process may issue to enforce
his lien, and that the boards and logs may be sold in satis-
faction of his lien, according to the statute in such case pro-
vided. The petition is dated Aug. 29, 1856.

The case is presented on a STATEMENT OF FACTS, assented
to by the parties; the material part of which is, that the
plaintiff, in the fall of 1854, agreed with Cutts, one of the
respondents, but who does not defend in this case, to cut,

haul and saw into boards a quantity of pine timber, then standing on the land of said Cutts, in Lyman, in said county, the timber to be cut and hauled by the plaintiff to the plaintiff's mill in Lyman and there sawed by him into boards; no particular quantity was agreed upon to be cut, hauled and sawed, except that plaintiff might cut, haul and saw what he conveniently could the ensuing winter and spring, and was to be paid therefor at the rate of two dollars and sixty cents per thousand feet, for cutting and hauling, and two dollars per thousand feet, for sawing into boards.

In pursuance of this agreement, the plaintiff cut and hauled to his mill 67,937 feet of lumber, board measure, which were by him sawed into boards, and 2171 feet in logs that remained at his mill unsawed at the time Cutts failed and assigned to his creditors, and at the time of the filing in Court of this petition.

No particular time was agreed upon for the payment by Cutts for the work to be done. There was an understanding that money should be paid by Cutts to the plaintiff as the work progressed if the plaintiff desired it, but no particular amount specified.

The lumber specified in the petition, and on which the lien is claimed, has continued ever since it was cut at the mill of the plaintiff, in Lyman, which is situated within a few rods and in sight of the plaintiff's dwellinghouse.

Sometime about the last of May, 1855, just after the failure of Cutts, the plaintiff commenced an action against Cutts, in the Supreme Judicial Court for the county of York, on a demand for the cutting, hauling and sawing of said logs, and gave the writ to a deputy sheriff for service, at the same time asserting and claiming a lien on said lumber, boards and logs, at common law, for his pay for the cutting, hauling and sawing, and directed the officer to return an attachment of said lumber on said writ, subject to his said lien, he not waiving the same, stating to the officer, that if he had to take possession of said lumber he might do it only on condition that he would hold said lumber as his, (the plaintiff's) servant, to

hold and retain said lien, and make his attachment subject to that, which the officer consented to do. The officer made a return of an attachment on the writ, and filed a certificate thereof in the town clerk's office in Lyman, but never took actual possession of said lumber, or in any way interfered with, removed or controlled the same. On the writ, and in the officer's certificate of attachment, returned to the town clerk's office, was a written notice of the plaintiff's claim of a common law lien, and that he did not intend to waive the same or give up his possession of the lumber. In said suit, Cutts was defaulted and trustees discharged, but the plaintiff has never taken judgment, and the same is still pending.

A part of the boards sawed were hauled away by Cutts from the plaintiff's mill before Cutts failed, and part since that time have been hauled away by his assignees, (who alone defend in this case,) not, however, with the consent of said Palmer, but against it, he forbidding it unless he was first paid for his work.

The allegations in the petition are to be considered as true, except so far as modified by this statement of facts.

If, in the opinion of the Court, the plaintiff has a lien on said lumber, he is to have judgment for the amount due him, and his legal costs, to be satisfied out of the proceeds of said lumber, so far as the same will go, which, by the agreement of parties, may be sold by the plaintiff as soon as may be, and the proceeds be kept, (after paying expenses of sale,) to abide the result of this case, and to follow their legal appropriation on the final judgment herein.

*Goodwin & Fales* argued for petitioner:—

That the main point raised upon the petition and statement of facts in this case is whether the plaintiff has a lien upon the boards and logs as claimed by him in the petition; and, to this point, cited *Grinnell* v. *Cook*, 3 Hill, 485; *Morgan* v. *Congdon*, 4 Com. 552; *Blake* v. *Nicholson*, 3 M. & S. 168; *Chase* v. *Westmore*, 5 M. & S. 180; *Moon* v. *Hitchcock*, 4 Wend. 77; *Partridge* v. *D. College*, 5 N. H. 286; *Gregory*

Palmer *v.* Tucker.

v. *Striker*, 2 Denio, 628; *Hostler's case*, Yelverton, 66, (in note;) *Judson* v. *Etheridge*, 1 Cromp. & Mees. 743; *Bevan* v. *Waters*, 3 C. & P. 520; *Jackson* v. *Cummings*, 5 Mees. & Wels. 342; *Scarfe* v. *Morgan*, 4 ibid. 270; *Sewall* v. *Nichols*, 34 Maine, 582; *Hodgdon* v. *Waldron*, 9 N. H. 67; *Forth* v. *Simpson*, 13 Queen's Bench R. 680; *Lord* v. *Jones*, 24 Maine, 442; *Spaulding* v. *Adams*, 32 Maine, 212; *McIntyre* v. *Carver*, 2 W. & S. 618.

The petitioner claims a lien for his whole demand on the boards and logs in his possession. All of the boards sawed by him, and all the logs hauled, were sawed and hauled under one contract, establishing separately the price for the hauling and for the sawing.

That his lien attaches for the whole amount due upon the boards and logs remaining at his mill, and in his possession, is fully settled in the cases of *Partridge* v. *D. College*, 5 N. H. 286; *Morgan* v. *Congdon*, 4 Com. 552; *Blake* v. *Nicholson*, 3 M. & S. 168; *Chase* v. *Westmore*, 5 ibid. 180; *Mount* v. *Williams*, 11 Wend.

The petitioner did not waive his lien by suing his demand. *Beckwith* v. *Libbey*, 11 Pick. 482, 484; *Townsend* v. *Newell*, 14 Pick. 332; *Whitaker* v. *Sumner*, 20 Pick. 399; *Snow* v. *Thomaston Bank*, 19 Maine, 269; *Elder* v. *Rouse*, 15 Wend. 218; Story on Bailments, § § 315, 365; *Houlditch* v. *Desange*, 2 Starkie, 337.

*Hayes*, for assignees, submitted the case without argument.

The opinion of the Court was announced by

MAY, J. — In view of the facts contained in the petition, as modified and assented to in the agreed statement of facts, the Court, (authorized to draw such inferences as a jury might,) are of opinion that the petitioner had a *lien*, as is claimed by him, which he has neither abandoned nor waived by any proceeding on his part. In addition to authorities cited by his counsel, see also *Danforth* v. *Pratt*, 42 Maine, 50.

TENNEY, C. J., CUTTING, GOODENOW, and DAVIS, J. J., concurred.