## WOODS v. GEVECKE.

28 561
88 702

1. **Evidence: OF FORMER STATEMENTS.** It is permissible for a witness introduced for the purpose of proving the testimony given by a party to the suit on a former trial, to state the substance of the language used by him, if he is not able to state the language itself.

2. **Practice: FINDINGS OF COURT.** The findings of a court upon the evidence are governed by the same rules on appeal that apply to the verdict of a jury, and will not be disturbed unless palpably against the weight of evidence.

*Appeal from Bremer Circuit Court.*

THURSDAY, APRIL 28.

THIS action was commenced before a justice of the peace to recover the contract price for legal services rendered in a divorce suit. The plaintiff recovered forty dollars, the amount claimed by him before the justice. On appeal to the Circuit Court, the cause was tried to the court without a jury, and judgment was again rendered for plaintiff for forty dollars and costs. The defendant now appeals to this court.

*G. C. Wright* for the appellant.

*J. W. Woods pro se.*

COLE, Ch. J. — The first point made by appellant's counsel arises upon these facts: When the case was 1. EVIDENCE: tried before the justice of the peace the of former statements. defendant testified as a witness, in his own behalf; on the trial in the Circuit Court the plaintiff introduced the justice of the peace as a witness and asked him if he could state what the defendant testified to upon the trial before him ; the witness answered that he could not repeat the language but could tell the substance of

Woods v. Gevecke.

it. The defendant objected to the witness testifying to the substance. This objection was overruled, and such ruling is now assigned as error.

Since the witness whose statements were offered to be proved, was a party to the suit, there was surely no error in this. If the witness could not remember the precise language, but could remember the substance of it, he ought to be permitted to testify to that. In the nature of things, attested by the experience of nearly every one, the very language of a previous statement can scarcely ever be remembered with such certainty as to justify a positive verification of its identity; and especially so, if any considerable time has elapsed between the statement and its repetition in evidence. To reject the substance is, therefore, to reject all evidence of it. The protection from undue prejudice from such testimony, lies in the liberality indulged toward the opposite party in cross-examination of the witness thereon.

II. The cause was tried to the court without the intervention of a jury, and without any finding of facts. The court rendered judgment, upon the evidence, in favor of plaintiff for forty dollars. It is now claimed that the court adopted an erroneous rule for the measure of the plaintiff's damages for the defendant's breach of contract. There is nothing in the record showing what rule of damages the court did adopt. We simply have the evidence in the case and the judgment. Although the verdict or judgment was by the court instead of a jury, yet the same rule applies to it as to a verdict by a jury, and we cannot say that the judgment is so palpably against the weight of evidence as to justify us in interfering with it.

2. PRACTICE: findings of court.

Affirmed.