## Case No. 13,165.

### In re SOLIS.

[4 Ben. 143; [1] 3 N. B. R. 761 (Quarto, 186); 4 N. B. R. 68 (Quarto, 18).]

District Court, S. D. New York. May, 1870.

BANKRUPTCY — EXAMINATION OF BANKRUPT—APPLICATION FOR DISCHARGE—ASSETS.

1. On March 26, 1870, an order was made requiring creditors to show cause on April 21st, why a discharge should not be granted to a bankrupt. On April 7th, the register granted an order for the examination of the bankrupt. The application for the order was not in writing nor under oath, nor was any cause for issuing the order stated, except that the applicants were creditors. The bankrupt appeared under the order and objected that the application was insufficient, and that the time to examine him had expired: Held, that the time to examine the bankrupt did not expire with the making of the application for his discharge; that the granting of the order by the register was a matter of discretion; and that nothing appeared to show that his discretion was improperly exercised.

[Followed in Re Vetterlein, Case No. 16,926. Cited in Re Jones, Id. 7,449.]

2. An order to show cause why a discharge should not be granted to a bankrupt may be made after the expiration of sixty days, and within one year, from the adjudication of bankruptcy, on a petition stating that no assets have come to the hands of the assignee; and such order will not be set aside merely on proof that a small sum of money has been offered to the assignee for some of the assets, there being strong evidence that they are absolutely worthless.

[Cited in Re Van Riper, Case No. 16,874.]

² [I, Isaac Dayton, one of the registers of said court in bankruptcy, do hereby certify that in the course of the proceedings in said cause before me, the following question arose pertinent to the said proceedings, and was

¹ [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

² [From 4 N. B. R. 68 (Quarto, 18).]

stated and agreed to by the counsel for the opposing parties, to wit: Mr. Lord, of counsel for Andrew J. Solis, the bankrupt above named, and Mr. Robert Sewell, of counsel for Manning and DeForest, creditors of the said bankrupt. On the 26th day of March, 1870, an order was made in this bankruptcy, requiring the creditors of the said bankrupt to show cause, on the 21st day of April, 1870, why a discharge should not be granted to the bankrupt. On the 7th day of April, 1870, on the application of Manning and DeForest, creditors of the bankrupt, by Mr. Robert Sewell, their counsel, the undersigned granted and issued the order for the examination of the bankrupt hereto annexed. The application for the order was not in writing nor under oath, nor was any cause for issuing the order stated, excepting that the applicants were creditors of the bankrupt. On the 15th day of April, 1870, the said creditors of the bankrupt, by Mr. Robert Sewell, their counsel, attended before the undersigned. The said Andrew J. Solis, the bankrupt, did not attend, but his counsel, Mr. Lord, appeared before the undersigned and made the following objections: That the order for the examination of the bankrupt was not obtained on petition or affidavit duly verified, showing good cause for granting the same. That the bankrupt having applied for his discharge, the time to examine him has expired. And the said parties requested that the questions arising upon the said objections should be certified to the honorable the judge of the district court of the United States, for the Southern district of New York, for his opinion thereon.] 2

BY ISAAC DAYTON, Register:

2 [The statute declares that "the court may, on the application of the assignee in bankruptcy, or of any creditor, or without any application, at all times, require the bankrupt, upon reasonable notice, to attend and submit to an examination." [14 Stat. 517.] The undersigned cannot perceive any necessity for obstructing the right here given to a creditor by exacting from him, when making the application, a petition or affidavit duly verified, showing good cause for the granting of the order. The words, it is true, are "the court may require the bankrupt to attend," etc., which, it may be considered, gives the court a discretion, and perhaps warrants a register in calling for a formal petition or affidavit. This has been understood by the undersigned to be all the meaning of the Case of Adams [Case No. 39]. But all that the statute demands to give the court jurisdiction to make the order, is that the applicant shall be the assignee or a creditor. Anything beyond this is outside of the statute, and encumbers the proceedings with requirements not in any way essential to its purpose.

[The supreme court has prescribed several forms of petitions, requests, and applications,

2 [From 4 N. B. R. 68 (Quarto. 18).]

but omits any form for an "application" in this case. And the "order for bankrupt's examination," prescribed by the supreme court (form No. 45), recites an "application," but does not say anything of a petition or an affidavit showing good cause for granting the order.

[In the Case of Brandt [Case No. 1,813], the court says: "If a creditor desires to examine the debtor, the proper way to do it is by petition to the court, otherwise the court could know nothing of the desire of the creditor." Nothing is said of showing good cause for granting the order.

[In the Case of Lanier [Id. 8,070], the following opinion of the register: "It is my opinion that the application of the assignee for the examination of the bankrupt need not be verified by his affidavit. I do not think that the law intends that any reason shall be stated by the assignee in his application," is approved by the court. The right of a creditor to the order of court is by the statute put upon the same footing as the right of the assignee; and the register in that case sustains the opinion just quoted by the following argument, which seems to the undersigned to be very cogent, and forcible upon this question, and applicable alike to the case of an application by a creditor, and to the case of an application by the assignee in bankruptcy, for the examination of the bankrupt. "That this is the meaning of the 26th section [of the act of 1867 (14 Stat. 529)] is evident from the context. A bankrupt may be required to submit to an examination regarding his bankruptcy at any time, on the application of the assignee, or of a creditor; but in order to obtain an order for the examination of the wife of the bankrupt, 'good cause' must be shown before it can be granted, or she required to attend. The maxim 'Expressio unius est exclusio alterius,' applies with great force here, as the proper rule of construction. The intent of the legislature is clearly expressed in making 'good cause shown' a condition precedent to the examination of the wife of the bankrupt, while the bankrupt himself may be examined at any time, on the application of the assignee, or, without any application, by the court 'mero motu.' Bankr. Act, § 26. No fact then appearing in the application of the assignee, and no reason being given except what the law clearly sanctions and implies in the demand itself, no verification is necessary to be made by the assignee, in thus invoking the assistance of the court to enable him to perform his duties under the law."

[The point was decided the same way in respect to an application by an assignee for the examination of the bankrupt in the Case of McBrien [Case No. 8,665], in this court. As has been seen, the statute does not make any distinction between an assignee and a creditor in this provision, giving the right to examine the bankrupt; and all the reasoning of the register in his opinion in this case, ap-

plies with equal force to the case of an application by a creditor as to the case of an application by an assignee for the examination of the bankrupt.

[Where the creditor has proved his debt against the bankrupt, and, either in person or by his attorney, makes a verbal application to the register in charge of the case, who knows of the fact of the proof of his debt by the creditor, for an order for the examination of the bankrupt, and the order is granted and issued, the absence of a formal petition in writing for the order, ought not to defeat the creditor in his attempt to examine the bankrupt, and exempt the bankrupt from the duty of submitting to an examination. The manner of the application, whether verbally or in writing, so far as the bankrupt is concerned, is immaterial, so long as an application was actually made, which was the case in the present proceeding, as the fact of the application is recited in the order. To say that an application in writing would give validity to the proceeding, when the same words expressed verbally to the court or register would be insufficient, would be to give effect to a ceremony at the expense of the substance.

[The register is of the opinion that the creditor is entitled to an order for the examination of the bankrupt, notwithstanding the bankrupt has applied for his discharge.

[The register will probably require greater diligence on the part of the creditor in the prosecution of his examination, where, in case no objections are filed, the bankrupt will soon be entitled to his discharge, than in a case where the application for the examination of the bankrupt has been made at an early period of the proceedings in bankruptcy. But the creditor is not to be absolutely precluded from examining the bankrupt because he has not made his application for the examination until after the bankrupt has applied for his discharge.] [2]

BLATCHFORD, District Judge. My decision in the Case of Adams [Case No. 39], was, that the creditor in that case, in order to obtain an order according to form No. 45, for the examination of the bankrupt, under section 26 of the act, must apply to the register for such order by petition or affidavit duly verified, and show good cause for the granting of the order. The register had so held in that case, on a verbal application to him, without a petition or affidavit, and had refused to grant the order. The effect of the decision was merely that the register had a discretion, under section 26, to require good cause to be shown for granting the order, by a petition or affidavit duly verified, and, as he had exercised such discretion, I saw no reason in the papers for interfering with his decision. In the Case of McBrien [Case No. 8,665], the register granted an order for the examination of the bankrupt on the written application of the assignee, not supported by an oath. The bankrupt moved before the register to vacate the order, because it was not founded on an affidavit showing good cause for granting it. The register denied the motion, and I confirmed his decision, and concurred in his view that it was discretionary whether to grant an order, and what cause should be shown for it. In the present case, the register, in the exercise of his discretion, thought proper to grant the order, without requiring a petition or affidavit duly verified, showing good cause for granting the same. Nothing appears to show that that discretion was improperly exercised, and the order must stand. The time to examine the bankrupt does not expire with the making of his application for his discharge.

[3] [The undersigned, register in bankruptcy for the Southern district of New York, in charge of the proceedings in this bankruptcy, to whom, by an order of this court, made in this bankruptcy, upon the petition of Andrew J. Solis, the bankrupt above named, on the 26th day of March, in the year 1870, it was referred to make an order to show cause upon the said petition, and to sit in chambers on the return of the said order, and to pass the last examination of the bankrupt if there be no opposition, hereby certifies to the honorable the district court of the United States for the Southern district of New York: That, pursuant to the said order of reference, an order of this court was made and entered in this bankruptcy on the 26th day of March, 1870, providing that all creditors who had proved their debts, and other persons in interest, might appear on the 21st day of April, 1870, before this court at chambers, before the undersigned, at his office, and show cause, if any they had, why a discharge should not be granted to the bankrupt. That on the said 21st day of April, 1870, the undersigned was attended upon the said reference and order in the said bankruptcy by Andrew J. Solis, the bankrupt, by Mr. George D. F. Lord, his counsel; Manning & DeForest, creditors of the bankrupt, by Mr. Robert Sewell, their counsel. That by consent the hearing of the application of the bankrupt to be discharged from his debts, and all proceedings upon the said order to show cause why a discharge should not be granted to the bankrupt, were adjourned to Friday, the 22d day of April, 1870, at 11 o'clock in the forenoon, at the office of the undersigned, reserving to every creditor on such adjourned day, every right which he had on this day, and as if an adjournment had not been had. That on the said 22d day of April, 1870, the undersigned was attended on the said reference and order by Andrew J. Solis, the bankrupt in person, and by Mr.

---

[2] [From 4 N. B. R. 68 (Quarto, 18).]

[3] [From 3 N. B. R. 761 (Quarto, 186).]

Daniel Lord, and Mr. George D. F. Lord, his counsel; Manning & DeForest, creditors of the bankrupt, by Mr. Robert Sewell, their counsel; James S. Hollinshead, the Phœnix Insurance Company, the Insurance Company of North America, the Putnam Fire Insurance Company, and the Insurance Company of the State of Pennsylvania, creditors of the bankrupt, by Mr. Nathaniel Hoxie, their counsel.

[On behalf of the creditors thus attending before the undersigned, it was objected that the order of reference aforesaid to the undersigned to make the order to show cause aforesaid, and the said order to show cause so as aforesaid made by the undersigned, had been irregularly made, because· assets had come to the hands of the assignee in bankruptcy of the estate and effects of the bankrupt, and six months had not elapsed from the adjudication of bankruptcy. In support of this objection, the creditors, by their counsel, read the pages, a copy of which is hereto annexed from Schedule B, annexed to the first petition of the bankrupt in this proceeding. The undersigned stated his opinion that the order of reference and the. order to show cause would not be set aside on the ground of irregularity. The said creditors then filed with the undersigned the copy hereto annexed of the sworn petition of Manning & DeForest, the said creditors of the said bankrupt, and the deposition attached to the same and thereto annexed, of Robert Sewell. Esq., counsel as aforesaid of the said creditors, and again read the portion aforesaid, a copy of which is hereto annexed of Schedule B, annexed to the first petition of the bankrupt in this bankruptcy. The bankrupt then filed with the undersigned the return hereto annexed of the assignee in bankruptcy, of the estate and effects of the bankrupt, and the deposition hereto annexed of Andrew J. Solis, the said bankrupt.

[The counsel for the creditors claimed that the order of reference aforesaid to the undersigned to make the order aforesaid to show cause, and the said order to show · cause, ought to be discharged on the ground that at the time of the application of the bankrupt for a discharge from his debts, six months from the adjudication of bankruptcy of the bankrupt had not expired. The questions whether the order of reference aforesaid to the undersigned to make the order to show cause aforesaid, and the said order to show cause were irregular, and whether the said order of reference and the said order to show cause ought to be discharged on the ground that six months from the adjudication of bankruptcy of the bankrupt had not expired, are, at the request of the parties, certified to the judge for his opinion thereon.

[Dated at the city of New York, the 22d day of April, 1870.] ³

ISAAC DAYTON. Register.

³ [From 3 N. B. R. 761 (Quarto, 186).]
22 FED.CAS.—50

The register thereupon certified the matter to the court, giving the following opinion: "The petition of the bankrupt of the 26th March, 1870, praying that he may be decreed to have a discharge from his debts, alleged that no assets had come to the hands of the assignee of his estate. No objection is made that this petition was not under oath. The allegation brought the case within the provision of the 29th section of the act, that 'if no assets have come to the hands of the assignee, at any time after the expiration of sixty days, and within one year, from the adjudication of bankruptcy, the bankrupt may apply to the court for a discharge from his debts,' and gave the court jurisdiction to make the order of reference, and an order to show cause. In re Bellamy [Case No. 1,266]. Those orders were, therefore, not irregular. Nor should those orders be set aside upon the facts. Certificates of stocks, or claims against debtors of the bankrupt which, up to the time of the application of the bankrupt for discharge, have not actually produced anything, and for which the only offer made is an offer of a small sum of money, whilst there is strong evidence that these stocks and claims are absolutely worthless, may very justly be said not to be assets at· the time of the application for discharge. whatever they may have become or may become afterwards. The bankrupt was, therefore, entitled to make his application for discharge at the expiration of sixty days from the adjudication of bankruptcy."

BLATCHFORD, District Judge. The order of reference and the order to show cause were regular, and the order to show cause ought not to be discharged on the ground stated. I concur in the views stated by the register in his opinion.