ROBERT H. FOOTMAN, assignee, plaintiff in error, *vs.* PUSEY, JONES & COMPANY, defendants in error.

The Act of 1869, giving to mechanics a lien upon the property of their employers for labor performed and materials furnished, contemplates such mechanics only as perform the labor and furnish the materials to the employer. The Act does not contemplate a manufacturer of materials sold to the employer in the usual course of trade, although that manufacturer may be a mechanic.

Mechanics.   Lien for materials furnished.   Before Judge SCHLEY.   Chatham Superior Court.   May Term, 1871.

The sheriff brought into Court the proceeds of sale of the steamboat "Charles S. Hardee," which he had sold under a mortgage execution in favor of Robert H. Footman, assignee in bankruptcy of Robert Irwin and Charles S. Hardee, against one Henry Schaben.   The defendants in error claimed precedence for their execution for $651.11, under the provisions of the Act of March 19th, 1869, and under the 30th section of the first Article of the Constitution of the State. To this proceeding the plaintiff in error filed his counter-

affidavit as provided by the 1970th section of the Code, upon the following grounds, to-wit:

1st. That the said Pusey, Jones & Company are not, nor is either of them, citizen or resident of this State, nor were such, at the time the labor was performed and materials furnished, as set forth in the affidavit.

2d. That the said materials were sent into this State by the said Pusey, Jones & Company, from the State of Delaware, and there placed upon the said steamboat by other persons not in the employment of the said Pusey, Jones & Company.

3d. That the said Pusey, Jones & Company are not, nor is either of them a "mechanic," laboring as such himself, but that they are contractors for mechanical work, employing others to do it under their direction.

The questions made by this counter-affidavit was submitted to the Court upon the following agreed statement of facts:

"It is admitted by the defendants in error in the above cause, that they are citizens of the State of Delaware and non-residents of the State. That the second ground of the affidavit of plaintiff in error is true. That the defendants in error do no manual labor themselves. It is admitted by plaintiff in error that the affidavit of the defendant in error is true with the above qualification as to manual labor. In addition, it is admitted by the said plaintiff in error that the materials and machinery set forth in the defendants in error's bill of particulars, were ordered by Erwin and Hardee, as agents of Schaben, the owner, to be made by defendants in error expressly for that steamer, the 'Hardee;' that they were made for that purpose by the workmen of defendants in error, and were sent out expressly for her by the defendants in error. And finally, that defendants in error are mechanics, literally, and that while they do no mechanical manual labor, they superintend their own journeymen and workmen in the execution of manual labor. Plaintiff in error further admits that the place of the contract between

the defendants in error and the owner of the steamer, the 'Hardee,' in pursuance of which the said materials were furnished and the said labor performed, was either in Georgia or Delaware."

The Court held that the execution of defendants in error was entitled to be paid out of said fund, and so ordered. Whereupon, plaintiff in error excepted.

JACKSON, LAWTON & BASINGER, by brief, for plaintiff in error.

CHARLES N. WEST, for defendants.

WARNER, Chief Justice.

This case came before the Court below on a motion to distribute money in the hands of the sheriff, arising from the sale of a steamboat, on the following agreed statement of facts: The plaintiffs are citizens of the State of Delaware, and non-residents of this State; that the materials were sent into this State by the plaintiffs, from the State of Delaware, and then placed on the steamboat by other persons, not in the employment of the plaintiffs; that the plaintiffs do no mechanical labor themselves; that the materials and machinery set forth in the plaintiffs' bill of particulars were ordered by Erwin & Hardee, to be made by the plaintiffs expressly for that steamer, the "Hardee;" that they were made for that purpose by the workmen of the plaintiffs and were sent out expressly to her by the plaintiffs; that the plaintiffs are mechanics, literally, and while they do no mechanical manual labor, they superintend their own journeymen and workmen in the execution of mechanical labor.

The question made by the record in this case is, whether the plaintiffs, on the statement of facts contained therein, are entitled to a mechanic's lien on the fund in Court, under the provisions of the Constitution of 1868 and the Act of 1869. The Constitution declares that " mechanics and laborers shall

Footman *vs.* Pusey, Jones & Company.

have liens upon the property of their employers for labor performed or materials furnished." The Act of 1869, to carry into effect this provision of the Constitution, declares, " that from and after the passage of this Act, laborers and mechanics shall have liens upon the property of their employers for labor performed and for materials furnished." By the terms of the Act, mechanics have a lien upon the property of their employers *for labor performed* and for materials furnished— that is to say, if one employs a mechanic to perform labor on his property, and the mechanic furnishes the materials with which to perform that labor, for the benefit of his employer, he has a lien on the property of the employer to the extent of the labor performed by him, and for the materials furnished by him in the performance of that labor, for the benefit of the employer.

The Act does not contemplate a manufacturer of materials sold to the employer, in the usual course of trade, although that manufacturer may be a mechanic. The Act contemplates such mechanics only as perform the labor and furnish the materials to the employer. Before the passage of the Act of 1869, all mechanics had a lien on all personal property manufactured or repaired by them, to the extent of the work done and materials furnished, but such lien ceased on the delivery of possession to the owner: Code, 1969. The Act of 1869 gives the mechanic a lien upon the property of their employers generally, for labor performed and materials furnished. It follows, therefore, that the plaintiffs in this case did not have a mechanic's lien on the fund in Court, according to the true intent and meaning of the Act of 1869.

Let the judgment of the Court below be reversed.