THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY

*v.*

THE OXFORD IRON COMPANY.

The sixty-third section of the corporation act is in these words : " In case of the insolvency of any corporation, the laborers in the employ thereof shall have a lien upon the assets thereof for the amount of wages due to them respectively, which shall be paid prior to any other debt or debts of said company ; and the word 'laborers' shall be construed to include all persons doing

Delaware, Lackawanna and Western R. R. Co. v. Oxford Iron Co.

labor or service of whatever character, for or as workmen or employees, in the regular employ of such corporation."—*Held*—

(1) That the lien so given comes into existence as of the date which the court adjudges to be the time when the insolvency occurred which gives it jurisdiction.

(2) That persons holding claims for wages, who are not in the employ of a corporation at the time when it becomes insolvent, are not within the policy of the act, and therefore have no lien upon the assets thereof.

(3) That the presentation of a claim, embracing other items than charges for wages, does not work a forfeiture of the right of lien for the wages, given by the statute.

(4) That the laborers in the employ of a corporation at the time of its insolvency have a lien upon the assets thereof for the whole amount of wages due to them respectively, no matter how long before the date of insolvency the wages may have accrued.

(5) That the acceptance of a promissory note, without security, does not operate as a waiver of the lien given by the statute, unless an intention to relinquish such right is unmistakably manifested.

(6) That the lien given for wages does not include interest which has accrued thereon before the lien attaches.

(7) That the proving of a claim for a sum in excess of the amount really due does not work a forfeiture of the right of lien.

---

On exceptions by the receiver to claims for wages presented against the Oxford Iron Company.

*Mr. Flavel McGee,* for receiver.

*Mr. Henry S. Harris,* for claimants.

THE VICE-CHANCELLOR.

To a large number of the claims for wages exhibited against the Oxford Iron Company, and in behalf of which liens are

---

NOTE.—Ordinarily, a servant is not entitled to a lien or preference in payment for his services (*Hoover* v. *Epler, 52 Pa. St. 522; Lewis* v. *Patterson, 20 La. Ann. 294*); nor the officers of a corporation (*Croton Ins. Co. Case, 3 Barb. Ch. 642*); nor tort-feasors (*Dwinel* v. *Fiske, 9 Me. 21; Madden* v. *Kempster, 1 Camp. 12; Lempriere* v. *Pasley, 2 T. R. 485; Hotchkiss* v. *Hunt, 49 Me. 213;* see *Hamilton* v. *Buck, 36 Me. 536; Dorsey* v. *Langworthy, 3 Greene (Ia.) 341*);

claimed under the sixty-third section of the corporation act, the receiver excepts, denying that they are entitled to the preference given by that section. The questions raised by these exceptions have been informally brought before the court by agreement of counsel, and fully discussed. I shall dispose of them in the order in which they were discussed. The first relates to the time when it must be adjudged the right of lien accrues—whether that time shall be held to be fixed when the fact of insolvency actually occurs, no matter how long that may be before legal proceedings are instituted, or not until the fact of insolvency is judicially ascertained. The section is in these words:

"In case of the insolvency of any corporation, the laborers in the employ thereof shall have a lien upon the assets thereof, for the amount of wages due to them respectively, which shall be paid prior to any other debt or debts of said company; and the word 'laborers' shall be construed to include all persons doing labor or service of whatever character, for or as workmen or employees in the regular employ of such corporation." *Rev. 188.*

That part of the section which creates a lien is practically a transcript of the forty-second section of the act authorizing the establishment of manufacturing corporations. *Nix. Dig. (4th ed.) 539.* The proper construction of the section last mentioned, so far as it affects the question under consideration, was settled in *Bedford v. Newark Machine Co., 1 C. E. Gr. 117.* The purpose of both being the same, and their language being identical, a

nor a creditor on his debtor's chattels in his possession (*Allen v. Megguire, 15 Mass. 490 ; Brewer v. Pitkin, 11 Pick. 298; Owen v. Dixon, 17 Conn. 492, Bailey v. Ross, 20 N. H. 302;* see *St. Louis v. Regenfuss, 28 Wis. 144*).

Within the meaning of statutes giving—(*1*) servants, (*2*)laborers, (*3*) employees, (*4*) mechanics, (*5*) artificers and (*6*) operatives—preferences for wages for work done, the following have been deemed (1) SERVANTS: An overseer and book-keeper (*Hovey v. Ten Broeck, 3 Roberts. 316*); a superintendent (*Wickham v. Hardy, 5 Jur. (N. S.) 871; Cumberland R. R. v. Slack, 45 Md. 161*); an assistant superintendent (*Vincent v. Bamford, 1 Jon. & Spen. 506;* see *Bryan v. State, 44 Ga. 328*); a mining boss (*Del. Canal Co. v. Carroll, 89 Pa. St. 374*); a civil engineer (*Williamson v. Wadsworth, 49 Barb. 294;* see *Callahan v. B. & M. R. R., 23 Iowa 562 ; Pa. R. R. v. Leuffer, 84 Pa. St. 168*); a clerk and foreman (*Ex parte Humphreys, 3 Deac. & Chit. 114; Salina v. Seitz, 16 Kan. 143; Abbott v. Steam Packet Co., 4 Md. Ch. 310*); a traveler engaged at an annual salary (*Ex parte Neale, 1 Mont. & Mac. 194;* see *Reg. v. Tite, Leigh & Cave 29 ; Reg. v.*

judicial construction of one determines also the meaning of the other. The case just cited, I understand, settles two propositions: first, that a person not in the employ of the corporation at the time it becomes insolvent, is not entitled to the benefit of the statute; and second, that the insolvency meant in the act is that ascertained by the court as the ground of its jurisdiction. Until a corporation becomes insolvent, and this fact is laid before the court in the regular method of procedure, it has no authority to interfere with the corporation. Until insolvency is charged against it, in legal form, the court is bound to presume it was solvent. Upon this point, Chancellor Green, in the case just cited, said that the statute looks to the insolvency which leads to the proceeding resulting in a judicial determination of insolvency. He further said: "The court cannot, upon an inquiry of this nature [and the inquiry then before the court was as to who was entitled to this lien], undertake to investigate the financial ability of the corporation at previous periods, founded upon a mere failure to meet its engagements, or upon the actual state of its finances, after its business has been suspended." The insolvency which gives rise to this lien is that which is judicially ascertained and becomes the ground of the court's jurisdiction. The court has nothing to do with the previous condition of the corporation. The lien given by the statute comes into existence as of the date which the court adjudges to be the time when the

*Negus, L. R. (1 C. C.) 34)*; the mate of a vessel ·(*Ex parte Homborg, 6 Jur. 898*); the housekeeper of a hotel (*Lawler v. Linden, Ir. L. R. (10 Com. Law) 188*); a bar-keeper (*Boniface v. Scott, 3 Serg. & Rawle 351*); a journeyman (*Hart v. Aldridge, Cowp. 54, Lofft 493;* see *Landry v. Blanchard, 20 La. Ann. 173; Ex parte Gordon, 1 Jur. (N. S.) 683; Jobsen v. Boden, 3 Pa. St. 463; Phillips on Mech. Liens ∮ 50*); a designer (*Ex parte Ormerod, 1 D. & L. 825*); an oven-placer in a pottery (*Willett v. Boote, 6 H. & N. 26*); a clerk whose wages are not all due (*Thomas v. Williams, 1 A. & E. 685*).

(2) LABORERS: A railroad workman with his team (*Warner v. Hudson River R. R., 5 How. Pr. 454;* but as to the team, see *Atcherson v. Troy R. R., 6 Abb. Pr. (N. S.) 329; Barnard v. McKenzie, 4 Col. 251; Hill v. Newman, 38 Pa. St. 151; Heebner v. Chave, 5 Pa. St. 115; Wentworth's Appeal, 82 Pa. St. 469; Hope Mining Co., 1 Sawy. 710; Coburn v. Kerswell, 35 Me. 126; McCrillis v. Wilson, 34 Me. 286; Balch v. N. Y. & O. R. R., 46 N. Y. 521; Brusie v. Griffith, 34 Cal. 302; Branin v. Conn. R. R., 31 Vt. 214*); a laborer, although

insolvency accrued which gives it jurisdiction. That date in this case, fixed by the decree of the court, is September 6th, 1878, and that must be taken as the time when the right of lien arose.

The second question propounded is, Does this lien arise in favor of an assignee of a claim for wages, who acquired his right prior to the date of insolvency fixed by the decree? The wages, to be within the protection of the statute, must be due to a person in the employ of the corporation at the time when it becomes insolvent. If, prior to that time, they are assigned, so that when insolvency occurs they are not due to an employee, no lien arises. Such, I think, is the plain direction of the statute. Its words are, " In case of the insolvency of any corporation, the laborers in the employ thereof shall have a lien upon the assets thereof, &c." Only those in the employ of the corporation at the time of its insolvency are within either the words or the policy of the statute. The purpose of the statute is obvious. It is sometimes a matter of the utmost importance to the public that the business of an insolvent corporation should be kept in operation, and it is almost always true that the property of such bodies cannot be preserved unless they are kept up as going concerns. The statute was designed to accomplish both of these purposes. And to this end it was clearly necessary that the employees of a corporation in an insolvent condition, whose skill and labor are indispensable to the continuance of its operations, should be made

also a mechanic (*Adams* v. *Goodrich*, *55 Ga. 233;* see *Myers* v. *Buchanan*, *46 Miss. 397*); hoisters of materials (*Tizzard* v. *Hughes*, *3 Phila. 261*); one employed by the owner to cook for his workmen (*Young* v. *French*, *35 Wis. 111;* contra, *Sullivan's Appeal*, *77 Pa. St. 107;* *McCormick* v. *Los Angeles Co.*, *40 Cal. 185*); a pilot, who was also a contractor (*Hanson* v. *Hiles*, *34 Iowa 350;* see *Cook* v. *Parham*, *24 Ala. 21;* *Dudman* v. *Dublin Board*, *Ir. L. R. (7 Com. Law) 518*); a miner who mines coal for a certain price per ton (*Penna. Coal Co.* v. *Costello*, *33 Pa. St. 241;* *Reed's Appeal*, *18 Pa. St. 235*); all who work with their own hands (*Seiders's Appeal*, *46 Pa. St. 57;* *Ingram* v. *Barnes*, *7 El. & Bl. 115;* *Jacobs* v. *Knapp*, *50 N. H. 71;* *Floyd* v. *Weaver*, *16 Jur. 289;* *Cochran* v. *Swan*, *53 Ga. 39;* *Robbins* v. *Rice*, *13 N. H. 507*); the digger of a well at a certain price per foot (*Lowther* v. *Radnor*, *8 East 113*); house painters (*Martine* v. *Nelson*, *51 Ill. 422*); a reporter and city editor of a newspaper (*Herries* v. *Norvell*, *17 Am. Law Reg. (N. S.) 97 and note*); a drayman (*Watson* v. *Watson Co.*, *3 Stew. Eq. 588*).

Delaware, Lackawanna and Western R. R. Co. v. Oxford Iron Co.

secure for their wages. To enable an insolvent corporation to retain its employees is the primary object of the statute. Persons holding claims for wages, who are not in the employ of a corporation at the time when it becomes insolvent, are not, therefore, within its policy nor entitled to its protection.

It is undoubtedly true that the assignment of the debt carries with it any security which the assignor holds. But when these assignments were made the assignors had no security or lien. The right of lien arose subsequently, and though the assignors may still have been in the employ of the corporation when it became insolvent, the wages previously assigned were not due to them, but to persons not entitled to the character of employees. The statute creates a lien in favor of no person except an employee who is in the employ of a corporation at the time when it becomes insolvent, and in favor of no debt except for wages due an employee who is in the employ of a corporation at the time when it becomes insolvent.

An assignment made after the lien has attached passes, of course, both wages and lien, and in such case the assignee will hold the debt with its security.

The third question submitted asks whether, if a claim is presented, embracing other items than charges for wages, a lien for any part of it will attach. The statute gives no specific direction as to the method in which claims under this section shall be

---

Employees or laborers of a sub-contractor may be included. *Branin* v. *Conn. R. R.*, *31 Vt. 214; Mundt* v. *Sheboygan R. R.*, *31 Wis. 451; Peters* v. *St. Louis R. R.*, *24 Mo. 586; Kent* v. *New York Central R. R.*, *12 N. Y. 628; Grannahan* v. *St. Louis R. R.*, *30 Mo. 546; Cosgrove* v. *Tebo R. R.*, *54 Mo. 495; Hart* v. *Boston R. R.*, *121 Mass. 510; Conant* v. *Van Shaick*, *24 Barb. 87; Winslow* v. *Urquhart*, *39 Wis. 260; Redmond* v. *Galena R. R.*, *Id. 426.*

But see *Arbuckle* v. *Illinois R. R.*, *81 Ill. 429; Cairo R. R.* v. *Watson*, *85 Ill. 531; Gallaghar* v. *Ashby*, *26 Barb. 143; Millered* v. *Lake Ontario R. R.*, *9 How. Pr. 233; Lake Erie R. R.* v. *Eckler*, *13 Ind. 67; Indianapolis R. R.* v. *O'Reily*, *38 Ind. 140; Marks* v. *Indianapolis R. R.*, *Id. 440; Utter* v. *Crane*, *37 Iowa 631; Doe* v. *Monson*, *33 Me. 430; Jacobs* v. *Knapp*, *50 N. H. 71; Guthrie* v. *Horner*, *12 Pa. St. 236.*

(3) Employees: Counsel who have rendered professional services (*Gurney* v. *Atlantic and G. W. R. R.*, *58 N. Y. 358*); police officers (*Mallory* v. *United States*, *3 Ct. of Cl. 257*; see *Kimball* v. *Boston*, *1 Allen 417*); a laborer on government grounds (*Stone's Case*, *3 Ct. of Cl. 260*); not one who merely shovels

Delaware, Lackawanna and Western R. R. Co. v. Oxford Iron Co.

proved.   Unsecured debts are to be proved in such manner as this court shall direct.   *Rev. 188 § 62.*   Generally, the books of a corporation contain the only written evidence of the amount of wages due to its employees.   When this is the case, no difficulty can arise in ascertaining the sums for which liens may be claimed.   To prevent confusion in case an employee happens to have two claims, one entitled to preference and the other not, they should be proved separately, but if he fails or refuses to do so, I know of no principle of law which would justify the court in declaring that he had thereby forfeited his right under the statute.   If, in consequence of the intermingling of charges for wages with charges not lienable, serious difficulty should arise in ascertaining how much is due for wages, I think all fair doubts should be resolved against the claimant's right to preference, and he should only be allowed a lien for such sum as clearly appears to be due for wages.

The fourth question discussed is, Does the statute give a lien for wages earned prior to April 7th, 1875 ?   That is the date of the incorporation of the provision under consideration into the general corporation act.   Prior to that date it applied to such corporations only as were organized under the act authorizing the establishment of manufacturing corporations.   The Oxford Iron Company was created by special charter.   *P. L. of 1859 p. 377.*

and loads dirt on a gravel train (*Deppe* v. *Chicago R. R.*, *36 Iowa 52*) ; a secretary (*Wells* v. *South Minn. R. R.*, *1 Fed. Rep. 270*).

(4) MECHANICS : A vendor of machinery is not a machinist (*Kirkpatrick* v. *Bank of Augusta*, *30 Ga. 465 ; Schofield* v. *Stout*, *59 Ga. 537*) ; a corporation may be (*Loudon* v. *Coleman*, *59 Ga. 653 ; Phillips on Mech. Lien ξ 53 ; Yellow River Co.* v. *Arnold*, *46 Wis. 214 ;* see *Kentucky Lead Co.* v. *New Albany Water Works*, *62 Ind. 63*) ; not one who works casually at a trade (*Grantham's Case*, *1 Winst. 73*).

(5) ARTIFICERS : A weaver of gloves at an agreed price per dozen pairs (*Chawner* v. *Cummings*, *8 Q. B. 311 ; Moorhouse* v. *Lee*, *4 F. & F. 354*) ; a "butty collier" (*Bowers* v. *Lovekin*, *6 El. & Bl. 584 ; Sleeman* v. *Barrett*, *2 H. & C. 934 ; Pillar* v. *Llynor Co.*, *L. R.* (*4 C. P.*) *752*) ; a vessel iron-plater (*Lawrence* v. *Todd*, *14 C. B.* (*N. S.*) *554*) ; one working manually and also superintending others, for weekly wages and a commission (*Whiteley* v. *Armitage*, *13 W. R. 144*) ; an overseer in a printing-office (*Bishop* v. *Letts*, *1 F. & F. 401*).

Statutes are to be construed to operate prospectively, unless a retrospective effect be clearly intended. As a general rule, a statute takes effect only from its date, and therefore, although its words may be broad enough, in their literal signification, to comprehend existing cases, it is to be construed as extending only to cases that shall arise after its date. Even remedial statutes are to be deemed prospective, and are not to be applied to existing proceedings unless a contrary intent be clearly expressed. These are familiar rules of construction.

There is nothing on the face of this statute, and certainly nothing in its policy, which indicates that the legislature intended it should have a retrospective effect. The lien given by it, as against this corporation, attaches only to wages earned since April 7th, 1875.

Some of the employees of the Oxford Iron Company have permitted their wages to remain uncollected for long periods, extending in some instances over three or four years. Whether they did so at the request of the officers of the corporation, or because they believed them to be safe and desired them to accumulate, does not appear. The question raised on this branch of the case is, Are such parts of the claim as embrace wages earned prior to the pay-day immediately preceding the date when the corporation became insolvent, entitled to the preference given by the statute? It is insisted that the statute was not

(6) OPERATIVES: An apprentice (*Ex parte Steiner, 1 Pa. L. J. Rep. 368; Bedford v. Newark Machine Co., 1 C. E. Gr. 117;* see *The Beaver, 3 Rob. Ad. 292; Mason v. The Blaireau, 2 Cranch 240; Milligan v. Wedge, 12 A. & E. 737; New Orleans R. R. v. Harrison, 48 Miss. 112*); or son of a workman (*In re Hartman, 4 Bank. Reg. 103; Atcherson v. Troy R. R., 6 Abb. Pr. (N. S.) 338;* see *Barron v. Collins, 49 Ga. 580*); or wife (*Thayer v. Mann, 2 Cush. 371;* see *Angulo v. Sunol, 14 Cal. 402*).

The following were held to come within none of the classes named: a statute giving redress to "any person" injured on a railroad, does not include a laborer (*Rohback v. Pac. R. R., 43 Mo. 187*); a statute exempting the wages of railroad employees from garnishment was afterwards extended to all employees who were married.—*Held*, that railroad employees were embraced in the amendment (*Burlander v. Milwaukee R. R., 26 Wis. 76;* see *Johnston's Estate, 33 Pa. St. 511*); contractors (*Sharman v. Sanders, 13 C. B. 166; Ingram v. Barnes, 7 El. & Bl. 115; Riley v. Warden, 2 Exch. 59; Lehigh Coal Co. v. Central R. R. Co.,*

intended to give protection to the negligent and slothful, nor to
enable employees to use a trading or manufacturing corporation
as a savings bank. Its pertinent words are that the employees in
the employ of any corporation at the time when it becomes in-
solvent, shall have a lien "for the amount of wages due to them
respectively." This language is plain and easily understood.
The inquiry is very simple : Is the sum claimed wages ? If the
wages have been paid, and then returned as a deposit or loan,
the sum due is not wages—they have been paid—but a loan.
But if no payment has been made, but the sum due still repre-
sents compensation for labor or service, then the case is just the
one described by the statute, and is clearly within its words as
well as its spirit. There are no restrictive words in this statute,
either as to time or amount. The statute regulating assignments
for the benefit of creditors limits the sum for which preference
may be claimed. *Rev. 38* § *8.* The presence of this limitation
in one act, and not in the other, shows very clearly, I think, that
the legislature intended to prescribe a different rule in one case
from that which was prescribed in the other. This purpose must
have effect.

The sixth question is, Does the acceptance of a promissory
note operate as a waiver of the lien ? This lien, like any other
right, may be waived. An intention to extinguish a right may,
in certain cases, be as unmistakably manifested by acts as by

*2 Stew. Eq. 252 ; Ney* v. *Dubuque R. R., 20 Iowa 347 ; Boutwell* v. *Townsend,
37 Barb. 205 ; Cummings* v. *New York R. R., 1 Lans. 68 ; Chapman* v. *Black
River R. R., 4 Lans. 96 ; Corbin* v. *Amer. Mills, 27 Conn. 274 ; Balch* v. *N. Y.
& O. R. R., 46 N. Y. 521 ; Aikin* v. *Wasson, 24 N. Y. 482 ; Breed* v. *Nagle, 46
Ga. 112 ; Witman* v *Walker, 9 W. & S. 183 ; Footman* v. *Pusey, 45 Ga. 561 ;
Robinson* v. *Webb, 11 Bush 474 ; Chicago R. R.* v. *McCarthy, 20 Ill. 385*) ; a
physician (*Weymouth* v. *Sanborn, 43 N. H. 171 ;* see *Hunter's Case, 1 Winst.
372*) ; a foreign superintendent of mines (*Hill* v. *Spencer, 61 N. Y. 274 ; Dean*
v. *De Wolf, 16 Hun 186*) ; a time-keeper of laborers (*M. K. & T. R. R.* v. *Baker,
14 Kan. 563 ; Snyder* v. *Gibbons, 3 Phila. 126*) ; or paymaster (*Edgar* v. *Salis-
bury, 17 Mo. 271*) ; a consulting engineer (*Ericsson* v. *Brown, 38 Barb. 390*) ; a
secretary (*Coffin* v. *Reynolds, 37 N. Y. 640 ;* see *Richardson* v. *Abendroth, 43
Barb. 162*) ; an architect (*Bank of Pa.* v. *Gries, 35 Pa. St. 428 ; Ames* v. *Dyer,
41 Me. 397 ; Price* v. *Kirk, 90 Pa. St. —— ; Raeder* v. *Bensberg, 6 Mo. App.
445*) ; *aliter,* where he also superintends the building (*Mut. Ben. Ins. Co.* v.*

Delaware, Lackawanna and Western R. R. Co. *v.* Oxford Iron Co.

words; but to warrant the court in giving acts such force, they must declare the actor's purpose with such clearness and certainty as to be, in effect, a declaration of his intention to give up his rights. The acceptance of a promissory note, without security, is not capable of being so understood; all the inferences to be drawn from such an act run very strongly in the opposite direction. The rule upon this subject, I think, is settled. The acceptance of the debtor's own promissory note for a debt, which may be made the basis of a lien under the mechanics' lien law, is not a waiver of the payee's right of lien. The same rule, I think, should govern here.

The seventh question may be stated as follows: Does this lien include interest? The question, it will be observed, assumes that interest has accrued. What the fact is I have no means of ascertaining, but for the purpose of deciding the question, I shall assume that interest has accrued. Interest is not within the literal terms used—wages alone are mentioned. The employees are to have a lien " for the amount of wages due to them respectively." Ordinarily, where a debt bears interest, the interest is regarded as an incident of the debt, constituting part of it; and if a lien is given for the debt, it covers the whole debt, including interest. But the word used here is not " debt," but " wages "— viz., compensation for labor or services. Another part of the section, however, shows that wages was used as synonymous with

*Rowand, 11 C. E. Gr. 389; Knight v. Norris, 13 Minn. 473; St. Clair Coal Co. v. Martz, 75 Pa. St. 384; Stryker v. Cassidy, 76 N. Y. 50; see Foushee v. Grigsby, 12 Bush 75);* the superintendent of a building, who is also the contractor *(Blakey v. Blakey, 27 Mo. 39; see Kansas R. R. v. Little, 19 Kan. 267);* the foreman of a tailor *(Lauran v. Hotz, 1 Mart. (N. S.) 140);* a teacher in an insolvent's school *(Labato's Case, 2 Mart. (N. S.) 652; see Dollahite's Case, 1 Winst. 74);* a music master *(Ex parte Walter, L. R. (15 Eq.) 412);* a governess *(Todd v. Kerrick, 8 Exch. 151);* workmen in an iron foundry, as servants, *(Measan's Case, 5 Binn. 167; Ex parte Crawfoot, 1 Mont. 270);* an undertaker *(Jones v. Shawhan, 4 W. & S. 257);* the guard of a stage-coach *(Ex parte Skinner, 3 Deac. & Chit. 332);* workmen who work by the piece *(Ex parte Grellier, 1 Mont. 264);* a surveyor of wood *(Blackman's Case, 6 Chicago L. N. 18);* " croppers " *(Daniel v. Swearengen, 6 Rich. (N. S.) 471);* one who had agreed to build a wall at a certain price and within a certain time *(Lancaster v. Greaves, 9 B. & C. 628; McGinness v. Parrington, 43 Conn. 143);* an overseer

debt, for the direction is that wages shall be paid prior to other debt or debts. The important considerations on this branch of the case are: Wages are usually paid at short intervals. Such is almost the universal custom. It grows out of the necessities of the employees. They generally work for small compensation, and their daily labor is their only means of support. They are seldom able to allow their wages to accumulate. Protection for accumulation was, obviously, not one of the purposes of the law. Such cases so rarely happen that it cannot be supposed that the legislature intended to make provision for them. The legislature merely intended to secure to employees their wages, for that was all the protection it was necessary to extend to them to accomplish the end in view, namely, to keep an insolvent corporation in operation as a going concern. In the great majority of cases, the amount of wages that an employee will allow to fall in arrear will be very small, and the sum due for interest will be still smaller—so trifling, indeed, that it would have no influence whatever upon his judgment in deciding whether he should stay or seek other employment. Besides, the preference given is in derogation of the common right of equality among creditors of the same rank, and the scope of the statute should not, therefore, be extended by construction. The court is bound to give what is granted, but nothing more. The lien given is for wages, and I think the court is bound to restrict it to wages. No interest

(*Rust* v. *Billingslea*, *44 Ga. 308*; *Whitaker* v. *Smith*, *81 N. C. 340*; see *Caraker* v. *Mathews*, *25 Ga. 571*); one engaged in selling and delivering wood by the cord at a mill, (*Wadsworth* v. *Duke*, *50 Ga. 91*; see *Palmer* v. *Tucker*, *45 Me. 316*); a plasterer (*Fox* v. *Rucker*, *30 Ga. 525*; *Parker* v. *Bell*, *7 Gray 429*); a mover of buildings (*Stephens* v. *Holmes*, *64 Ill. 336*); an agent of an insurance company, in another state (*First Nat. Bank* v. *Jaggers*, *31 Md. 38*); a policeman (*Johnson* v. *Mallet*, *2 Winst. 13*; see *Buttrick* v. *Lowell*, *1 Allen 172*; *Kimball* v. *Boston, Id. 417*).

Servants &c., who voluntarily leave, forfeit their lien for wages due (*Ex parte Gee*, *3 Deac. 563*; *Ex parte Bennett*, *3 Mont. & Ayr. 669*; *Napier's Case*, *2 Pug. 300*, *3 Pug. 134*; *Bedford* v. *Newark Machine Co.*, *1 C. E. Gr. 117*; see *Curtis's Case*, *1 Winst. 180*; *Sanders's Case*, *2 Mont. & Ayr. 684*).

Taking a note for the wages is no waiver (*Weymouth* v. *Sanborn*, *43 N. H. 171*; *Clement* v. *Newton*, *78 Ill. 427*; *Laviolete* v. *Redding*, *4 B. Mon. 81*; *Globe* v. *Gale*, *7 Blackf. 218*; *Meeks* v. *Sims*, *84 Ill. 422*; *McMurray* v. *Taylor*,

Delaware, Lackawanna and Western R. R. Co. *v.* Oxford Iron Co.

should be allowed before the lien attaches; after that, interest should be allowed.

The counsel of the receiver charges that some of the claims have been proved for sums in excess of the amounts really due. Such claims, he insists, are fraudulent; and for that reason it is the duty of the court to declare the right of lien, in respect to them, to be forfeited. There is no evidence of fraud before the court. But suppose there was—the statute does not make fraud a cause of forfeiture. It contains no words of forfeiture for any cause. Such a purpose must not be imputed to the law-making power, in the absence of clear words, or an implication so strong as to be equivalent to express words. *Reeve* v. *Elmendorf, 9 Vr. 125,* has no application to the matter in hand. There is no analogy, in any point of view, betweeen the two cases. Usually the officers of a corporation are much better informed as to the amounts due to its creditors of this class than are the creditors themselves. Their books frequently contain the only account existing between the parties, and in case of dispute are resorted to by both parties as their mutual arbiter. It is not pretended in this case that the least difficulty will be encountered in ascertaining the actual amounts due.

In my judgment, the mere fact that a claim for wages is presented for a sum in excess of the amount really due, does not deprive the claimant of the preference given to him by the statute.

*30 Mo. 263;* Morrison v. Laura, *40 Mo. 260;* Blake v. Pitcher, *50 Md. 453;* Prentiss v. Garland, *67 Me. 345;* Hutchinson v. Swartsweller, *4 Stew. Eq. 205;* White v. Dumpke, *45 Wis. 454;* see Hutchins v. Olcott, *4 Vt. 549;* Green v. Fox, *7 Allen 85;* Ehlers v. Elden, *51 Miss. 495;* Schneider v. Kolchoff, *59 Ind. 568;* Napier's Case, *2 Pug. 300*).

A laborer's lien is not assignable (*Cairo & V. R. R.* v. Fackney, *78 Ill. 116;* Wing v. Griffin, *1 E. D. Smith 162;* Ruggles v. Walker, *34 Vt. 468;* Rollin v. Cross, *45 N. Y. 766;* Dano v. M. & O. R. R., *27 Ark. 564;* Tewksbury v. Bronson, *48 Wis. 581;* see Krauser v. Ruckel, *17 Hun 463;* Rogers v. Omaha Co., *4 Neb. 54;* Goff v. Papin, *34 Mo. 177;* Brown's Case, *4 Ben. 142;* Nash v. Mosher, *19 Wend. 431;* Sinton v. Roberts, *46 Ind. 476;* Farwell v. Grier, *38 Iowa 83;* Bonnell v. Holt, *89 Ill. 71;* Kerr v. Moore, *54 Miss. 286;* Peters v. St. Louis R. R., *24 Mo. 586;* also Phillips on Mech. Lien, ch. VI.)—REP.