McPheeters, Plaintiff in Error, v. Merimac Bridge Company *et al.*, Defendants in Error.

1. Public bridges are not subjected by the St. Louis mechanics' lien act of February 14, 1857, (Sess. Acts, 1857, p. 668,) to liens for work done thereon or for materials furnished for their construction.

2. The bridge authorized to be built by the act of February 24, 1853, incorporating the Merimac Bridge Company, (Sess. Acts, 1853, p. 195,) was a public bridge.

*Error to St. Louis Land Court.*

This was an action to enforce a mechanic's lien against the bridge of the Merimac Bridge Company. The defendants are James P. Langford, Jas. N. Stevenson, Jacob C. Gremm and Henry Gremm, and the Merimac Bridge Company. The plaintiff alleged in his petition that while said defendants Langford and others were contractors performing certain work for the defendant, the Merimac Bridge Company, they became and were indebted to plaintiff in the sum of $728.48, for castings and materials sold, delivered and furnished, and for work and labor done and performed, &c. The plaintiff set forth the items furnished for the construction of the bridge of the Merimac Bridge Company. It also appeared that he had complied with the requirements of the lien law. To this petition the Merimac Bridge Company demurred. The court sustained the demurrer.

*Drake* and *Wood,* for plaintiff in error.

I. The mechanics' lien law, in express terms, confers a lien for materials furnished and used in the erection of bridges. (Sess. Acts, 1857, p. 668, § 5.) The Merimac Bridge Company is purely a private corporation. (See Sess. Acts, 1853, p. 195 ; Angell & Ames on Corp. 27, 29.) The case of Dunn v. North Missouri R. R. Co., 24 Mo. 494, is not analogous to this. The erection of this bridge was purely a private enterprise, and the fact that a county road leads to or from the bridge can make no change in its character. This bridge would be liable to execution on judgment against the corporation. (R. C. 1855, p. 377, § 8.)

*Johnson,* for Merimac Bridge Company.

I. The court did right in sustaining the demurrer. The Merimac bridge is a public bridge. It was not subject to a mechanic's lien. (Dunn v. North Missouri R. R. Co. 24 Mo. 498.)

SCOTT, Judge, delivered the opinion of the court.

A public bridge is a common highway. A private bridge is similar in its nature to a private right of way and is subject to most of its incidents. (Woolrych on Ways, 195.) The character of a bridge depends more upon the use that is made of it than upon the means by which it was erected. If individuals, for the right to take toll, will make a public highway, the mode of remuneration authorized will not deprive it of the character stamped upon it by the purposes to which it is applied. The charter granted to the Merimac Bridge Company shows that the bridge authorized to be built was a public one, as it was intended to be connected with the highways of the county, was to be built at or near a ferry, and public roads were to be made leading from it. (Sess. Acts, 1853, p. 195.)

The right to erect a bridge and to exact toll from passengers crossing it is a franchise that can only be granted by the state. That right is personal and can not be transferred without express authority of law. In conferring the privilege, regard is had to the ability of the applicant to build and keep up the bridge, and as personal considerations may influence the grant, the franchise of common right is not transferable. There is nothing in the incorporating act which authorizes the company to transfer their bridge to any other body except the county of St. Louis, and such transfer would be inconsistent with the whole design of the law. It seems to be settled that a general assignment by a corporation of all its property and effects will not pass the franchise. The right of transfer in a corporation is confined solely to property. A corporation can not assign its powers and franchises to others to be exercised by them as trustees or otherwise. (Burrill on Assignments, 614.) It has been held that a turnpike road can not be levied upon by an execution issued upon a judgment obtained against the company. (Ammant v. The New Alexandria and Pittsburg Turnpike Road, 13 Serg. & Raw. 210.) The tangible property and estate of a corpo-

ration is alienable like the property of an individual, but when the interest which the proprietors of a railroad have in the soil over which it passes is merely an easement or right of passing and transporting persons and things over the land of another, it can not be sold, assigned or taken in execution. (Angell on Highways, 411.)

There is nothing in the charter which points out the manner in which the company may acquire such an interest in the land as would authorize the use of the soil for abutments. If the company has merely used the highway it has no such interest in the soil as can be transferred. It does not appear that the company has any interest in any land connected with the bridge. The lien law (Sess. Acts, 1857, p. 668) certainly contemplates that there should be an interest in the land in the person making the improvement. It is true it provides that where improvements have been on leasehold estates, and those estates expire or are forfeited before the lien is satisfied, the improvements may be removed; but it does not appear here that the company ever had any interest in the land. What foundation is there then for a mechanic's lien? Why go to the Land court about it? If the plaintiff is in pursuit of the bridge structure as personal property, it is evident he was rightly put out of court. If the bridge is a public highway, it is not easy to see on what principle it can be sold and removed. The right to take the toll can not be sold, as we have seen; then a public structure, useful to the community, is to be destroyed that its ruins may go to pay the debt not of its owners but of other persons.

Because bridges which are public highways can not be subjected to the liens of mechanics, it does not follow that there may not be bridges which will be subject to them. We have seen there are such things as private bridges known to the law. This consideration is a sufficient answer to the argument founded upon the word "bridges" seen in the fifth section of the mechanics' lien law of St. Louis county. (Sess. Acts, 1857, p. 669.)

Judge Napton concurring, the judgment will be affirmed.