FRANCIS O. J. BODGE *vs.* JOHN T. HULL and others.

*Submission. Award. Pleading.*

The claim to be investigated by arbitrators need not be stated and annexed to a submission at common law.

A count in common form upon a submission and award is not vitiated by allegations in the same count setting up a lien claim; but the lien claim being waived, the allegations relating thereto may be rejected as surplusage.

The delivery to the parties by the arbitrators of a paper, not as their award but as a detailed statement of their conclusions, does not terminate the powers of the arbitrators; but a formal award subsequently made and published, wherein the same net balance is found, is binding.

ON REPORT.

ASSUMPSIT on an award made and published Aug. 9, 1870. The second count in the writ was as follows :

" Also, for that the defendants, on the second day of July, A. D. 1870, being indebted to the plaintiff in a large sum for labor and materials furnished for erecting the dwelling-house upon the real estate aforesaid, and a controversy having arisen between him and the defendants, it was then and there agreed to appoint, and they did appoint Charles H. Stuart and Daniel A. Booker to determine for them the amount due the plaintiff from the defendants, and they mutually promised each other to stand to and abide by the award of the said Stuart and Booker thereon; and the said Stuart and Booker afterwards, to wit, on the ninth day of August, A. D. 1870, heard the plaintiff and defendants, and adjudged upon the premises, and awarded that the defendants should pay the plaintiff three thousand and sixty dollars and eight cents on demand, and notified the plaintiff and defendants thereof, and thereafterwards, on the same day, the plaintiff demanded payment of said sum, which the defendants then and there refused ;· and the plaintiff avers that said sum was due for labor and materials furnished for erecting said dwelling-house, by virtue of a contract with the owners thereof, whereby and by force of the statute in such case made and provided,

the plaintiff has a lien upon the interest of the defendants in said real estate, on the first day of June last past, and he brings this action to enforce the same."

It appeared that on Aug. 15, 1870, the referees went to the office of the counsel for the plaintiff and showed them a paper, dated Aug. 9, 1870, containing a detailed statement of an account, in which the mutual claims of the parties litigant were set down with the referees' finding on each, with a net balance of $3060.08, and asked if it was in the usual form of an award. Upon being answered in the negative, they requested the counsel to give them a form. But upon the counsel's suggesting that the parties would probably settle without a formal award when they knew the result, they signed the paper, handed it, with a duplicate thereof, enclosed in an envelope addressed to the defendant, to the counsel, who agreed to and did hand the envelope to the defendant. The arbitrators at the same time stated that the paper showed the result to which they had arrived; but if the parties desired a formal award, they would make one, and did so a few days afterwards, as follows:

" Pursuant to a submission made to us, dated the second day of July, A. D. 1870, to which reference is made by Francis O. J. Bodge, of Westbrook, of the first part, and John T. Hull, of Portland, in behalf of himself and the Hull heirs, of the second part, we have met the said parties, heard their allegations and proofs in the premises, and this is our final determination and award in the premises, that there is due from the said John T. Hull, in behalf of himself and the Hull heirs, the sum of three thousand and sixty dollars and eight cents, to be paid to said Francis O. J. Bodge by said Hull and the Hull heirs, on demand, which is in full of matters submitted to us by the parties, a memorandum of which, of even date herewith, we have already given to said parties.

PORTLAND, Aug. 9, 1870."

The remaining facts appear in the opinion.

*Davis & Drummond,* for the plaintiff.

*A. A. Strout,* for the defendants.

BARROWS, J.   Assumpsit upon an award of arbitrators, mutually agreed upon.

The plaintiff having built a block of two houses for the defendants, under certain contracts, and a controversy having arisen between them in regard to the same, they agreed in a writing, the due execution and validity of which are conceded, " to submit all matters between them, relating thereto, to the determination of" (two persons named in the writing) " who shall notify said parties and hear all their allegations and proofs thereupon . . . and whatever sums they shall award to be due to said Bodge from said Hull heirs, and at whatever times," the defendants agreed to pay, and the plaintiff " to receive the same in full discharge and payment of all claims for building said houses."

The submission is not a statute submission, and the parties are not bound to observe the formalities required by the statute in stating and annexing the claim to be investigated.

The second count sufficiently sets forth this agreement and award, and also a claim for a lien upon the houses, which is waived, and all relating thereto may be rejected as surplusage.   The arbitrators met and heard the parties and made an award which, with the agreement for arbitration maintains the claim in this count, it being proved that the plaintiff presented the award to John T. Hull, one of the defendants, and agent in this behalf for all the others, and demanded a payment which was refused.

Besides the objections to the form of the declaration above adverted to, the defendants claim that the award is void by reason of the previous communication to the parties of another paper, which is offered in evidence by the defendants, and seems to be signed by the referees and to embrace, apparently, a detailed statement of their conclusions upon the several points in controversy between the parties, which paper the defendants assert is to be deemed the final award.   It is not in the form of an award, but is rather a simple statement of an account, in which the mutual claims of the parties litigant are set down with the referees' finding upon each; and the " net balance " agrees with the sum finally awarded.   The

Bodge *v.* Hull.

evidence shows conclusively that it was not put forth by the arbitrators as and for their " final award .and determination in the premises," but was made known to the parties upon the suggestion and expectation that it would probably induce an adjustment without the necessity of making a formal award. An abortive attempt of that description will not affect the power of the referees to make a final award; and this does not conflict with the doctrine, which we recognize as sound, that there can be no second award when one has been made and published, as set forth in *Thompson* v. *Mitchell*, 35 Maine, 286. The question is not here what might be held to constitute a sufficient award and publication " if the acts and doings of the referees were so intended." The paper presented by the defendants was not designedly issued by the referees as an award, but as a statement of their deliberations, from which the parties might, if they pleased, anticipate the probable conclusion and adjust accordingly.

Nor does it appear that the referees in any respect exceeded their powers or acted corruptly or partially in the execution of them.

The $832 to be paid to G. M. Chase was part of the $5,900 for which the plaintiff agreed to build the houses, and the stipulation that it should be paid to Chase whenever called for, related only to the time and manner of payment, and did not affect plaintiff's right to recover it in case of non-payment.

Nor can the conditional deduction, set forth in the paper offered by the defendants, affect the right of the plaintiff to recover. Unless certain work was completed to the satisfaction of the arbitrators or of C. H. Howe, a certain amount was to be deducted. The making up of the final award for the sum first named seems to indicate that it was done to the satisfaction of the arbitrators, and this is not rebutted by the naked statement of one of the defendants that the condition was not performed " so far as his knowledge extends." *Judgment for plaintiff for the amount of the award and interest from Aug. 9, 1870.*

APPLETON, C. J.; KENT, DICKERSON, and TAPLEY, concurred.