Abercrombie v. Ely, et al.

JAMES ABERCROMBIE AND THOMAS JOHNSTON, Co-partners, etc., Plaintiffs in Error, *vs.* ASHER F. ELY, AND THE BOARD OF EDUCATION OF THE TOWN OF CAMERON, Defendants in Error.

<div style="float:right">
60   23<br>
43a 675<br>
60   23<br>
115   568<br>
54a 269<br>
<br>
60   23<br>
75a 630<br>
60   23<br>
88a 504
</div>

1. *Mechanic's lien—Public school houses not subject to.*—A school house and lot, the title to which is vested in the State Board of Education, is not subject to a mechanic's lien. (Wagn. Stat., 907.)

### Error to Clinton Circuit Court.

*J. F. Harwood*, for Plaintiffs in Error.

The 1st section of the Mechanic's Lien Law, (Wagn. Stat., 907) is broad enough to embrace school houses, and the law should be liberally construed in favor of laborers and material men. (Putnam vs. Ross, 46 Mo., 337 ; Oster vs. Rabenneau, *Id.*, 595.) The cases of Dunn vs. North Mo. R. R. Co., (24 Mo., 493) and McPheeters vs. Merrimac Bridge Co., (28 Mo., 465) were decided under the special lien law applicable to St. Louis county, and did not embrace all the provisions of the general lien law, under which this action was commenced.

*S. H. Corn and T. E. Turney*, for Defendants in Error, relied on Dunn vs. North Mo. R. R. Co., 24 Mo., 493 ; McPheeters vs. Merrimac Bridge Co., 28 Mo., 465.

NAPTON, Judge, delivered the opinion of the court.

This suit is brought to enforce a mechanic's lien against a school house and the lots upon which it was erected, the title to which was vested in the Board of Education, who are co-defendants ; and the only question in the case, is, whether the building and lots so sued are within the meaning of the law in relation to mechanic's liens. (Wagn. Stat., 907.)

The terms of the law are sufficiently general to embrace school houses as well as all other buildings for public purposes ; but the decisions of this court in Dunn vs. N. M. R. R. Co., (24 Mo., 493) and McPheeters vs. Merrimac Bridge Co., (28 Mo., 465) have restricted these terms of the special St. Louis act—and indeed of the general law which uses the

same terms—to buildings, etc., belonging to private individuals. The reasons for this discrimination are set forth at large in the decisions, and it is unnecessary to repeat them. School houses undoubtedly occupy a position not less favored by the constitution and laws than bridges.

Besides, these decisions were made long anterior .to the present lien law, and if the legislature had been dissatisfied with them, the terms of the law could have been easily modified so as to embrace such buildings. But the general law has adopted the same terms used in the special law, since the decisions referred to.

We think, therefore, the demurrer was properly sustained, and the judgment is affirmed.