## The Kentucky Lead and Oil Co. et al. *v.* The New Albany Water-Works.

Mechanic's Lien.—*Material Man's Lien.— Water- Works Companies.—Manufacturing Companies.*—A water-works company, incorporated under the act of March 6th, 1865, 1 R. S. 1876, p. 329, in relation thereto, is not a manufacturing company under the act of May 20th, 1852, 1 R. S. 1876, p. 619, authorizing the incorporation of such companies, and its buildings, etc., are not subject to the enforcement of a mechanic's lien for materials furnished in constructing its pipes, mains, etc.

From the Floyd Circuit Court.

*W. J. Hisey*, for appellants.

*A. Dowling*, for appellee.

Perkins, J.—This action was commenced in the Floyd Circuit Court by Conger & Howard, against the New

64    SUPREME COURT OF INDIANA.

The Kentucky Lead and Oil Co. *et al. v.* The New Albany Water-Works.

Albany Water-Works, the Kentucky Lead and Oil Company, the Ludlow Valve Company, Richard Wood & Co., DeWitt C. Hill and Michael Zier, partners, Fred. D. Conner, assignee of Hill & Zier, in bankruptcy, and other defendants who need not be named.

The object of the suit was to enforce a mechanic's lien held by Conger & Howard on two buildings constructed by them, situated on two separate and distinct lots of land, in Floyd county, owned by the New Albany Water-Works.

The original plaintiffs, Conger & Howard, alleged in their complaint, that Hill & Zier agreed for a valuable consideration to construct and build a complete system of works for the defendant, the New Albany Water-Works, and that they, the said Conger & Howard, at the request of Hill & Zier, did certain work, and furnished certain materials to be used, and which were used, in the construction of the reservoirs and pumping house ; that a certain sum of money was due to them from Hill & Zier; and that they had duly filed, in the office of the recorder of Floyd county, notice of their intention to hold a lien on these buildings.

The Kentucky Lead and Oil Company, the Ludlow Valve Company, and Richard Wood & Co., were made defendants to answer as to any interest they might have in the property covered by Conger & Howard's lien.

The Kentucky Lead and Oil Company and Richard Wood & Co. each filed a cross-complaint, consisting of a single paragraph, claiming liens under section 647 of the code. The Ludlow Valve Company filed its cross complaint in two paragraphs, the first of which asserted the existence of a mechanic's lien, and the second attempted to charge the defendant, the New Albany Water-Works, upon a notice under section 649.

Separate demurrers were filed by the New Albany Water-

Works to each paragraph of these several cross-complaints, the ground of objection assigned being the insufficiency of the facts stated to constitute a cause of action. These demurrers were sustained by the court below, and judgment was rendered on the demurrers. These rulings on the demurrers to the cross-complaints of the Kentucky Lead and Oil Company, the Ludlow Valve Company, and Richard Wood & Co., present the questions to be determined on this appeal.

The cause proceeded to trial as to the other parties, but no notice need be taken of that branch of the proceedings.

The material averments of the cross complaint of the appellee, the Kentucky Lead and Oil Company, are, that on and before November 10th, 1875, the New Albany Water-Works was a corporation, organized for the purpose of constructing a system of water-works in and near New Albany, Indiana, to supply that place with water; that this corporation purchased and owned divers lots and parcels of land on which to erect its buildings, engine-houses, engines, machinery, structures, reservoirs, and other improvements; that it became necessary for it "to build, construct, and join and unite with lead, in, under, and along the streets and ways of the city of New Albany, long lines of water-pipes, connected with the reservoirs of said water-works, and all other parts of said system;" that D. C. Hill & Co. made a written agreement with the Water-Works Company to furnish all the necessary material, and to construct and complete the works; that D. C. Hill & Co. "employed the appellant, the Kentucky Lead and Oil Company, to furnish the lead to be used in connecting and joining together the water-pipes connected with the reservoirs and buildings of said works; that the said appellant, during 1875, furnished, as such sub-contractors, all the materials in the shape of pig-lead in the construction, connecting and joining together of the said water-pipes;

that all of the said material was used in and for the construction of said works, and the same was used and placed in, and upon, and around the water-pipes of said waterworks, which pipes were connected with, attached to, and formed by such connections part of a complete and perfect system of water-works, being joined to the two reservoirs built of brick, stone and other materials, situated on lots 2 and 4, on Front street, containing two acres, and lot 11, on Knob street, in Asahel Clapp's Knob plat of section 3, township 3 south, range 6 east, in said Floyd county, and being joined to the engine-house and dry well on a part of lots E and H, on the Ohio river bank, west of Evans street, said engine-house being a three-storied building; that the work was approved and accepted by the Water-Works Company; that appellant's claim amounts to $1,050.73, evidenced by the acceptance of D. C. Hill & Co., which is filed with the complaint; that the appellant, within sixty days after the completion of the building and system of water-works, filed in the recorder's office of Floyd county notice of its intention to hold a mechanic's "lien on the said building, the interest of the said New Albany Water-Works in the lots aforesaid, upon which they and it stand, and are constructed, and in and upon the said system of water-works, for the amount of said claim," etc. A copy of the notice of lien is filed. It is averred that the claim is due and unpaid, and there is a prayer for the enforcement of the lien, etc.

The appellee insists that the cross complaint is insufficient for two principal reasons:

1. Because it does not appear that the appellant furnished materials for the construction of any building, or that it furnished any engine or other machinery for any mill, distillery or other manufactory.

2. Because there is no sufficiently specific description, in the notice of lien, of the premises or property for the con-

struction or repair of which the appellant furnished material.

The notice and the cross-complaint state that the appellant furnished to Hill & Co., who were the principal contractors, "pig-lead," which was used by Hill & Co. to solder and joint certain water-pipes which were laid down in the streets and alleys of the city of New Albany. These pipes were designed to be used as conduits for water to be supplied by the appellee, and they were connected with the reservoirs on the knobs in Clapp's Knob plat, and with the pumping house on the river bank on parts of lots "E" and "F."

The words used in the statute creating liens in favor of mechanics are these: "Mechanics, and all persons performing labor, or furnishing materials for the construction or repair of any building, or who may have furnished any engine or other machinery for any mill, distillery or other manufactory may have a lien separately or jointly upon the building which they may have constructed or repaired, or upon any building, mill, distillery, or other manufactory for which they may have furnished materials of any description and on the interest of the owner in the lot or land on which it stands, to the extent of the value of any labor done or materials furnished, or for both." 2 R. S. 1876, p. 266, sec. 647.

We have a statute under the following title, viz.: "An act for the incorporation of manufacturing and mining companies, and companies for mechanical, chemical, and building purposes," the 1st section of which is as follows:

"That whenever three or more persons may desire to form a company to carry on any kind of manufacturing, mining, mechanical or chemical business, or to furnish motive power to carry on such business, or to supply any city or village with water, or to form union stockyard and transit companies, and operating, maintaining and transacting

68        SUPREME COURT OF INDIANA.

The Kentucky Lead and Oil Co. *et al. v.* The New Albany Water-Works.

the business incident to such companies, or to form grain.
elevator companies, and constructing, maintaining and oper-
ating elevators, and transacting the business incident there-
to, or to form companies for the purpose of buying and
selling dry goods, carpets, boots and shoes, millinery goods,.
fancy goods, or jewelry, in connection with the manufact
ure of such goods and articles into any articles for which.
they are suitable, and for the sale of such articles, when.
they are so manufactured, they shall make, sign and ac-
knowledge, before some officer capable to take acknowl-
edgment of deeds, a certificate, in writing, which shall
state the corporate name adopted by the company, the ob-
ject of its formation, the amount of capital stock, the term
of its existence, not, however, to exceed fifty years, the
number of directors and their names, who shall manage
the affairs of such company for the first year, and the name
of the town and county in which its operations are to be.
carried on, and file the same in the office of the recorder
of such county, which shall be placed upon the record, and
a duplicate thereof in the office of the secretary of state."
1 R. S. 1876, p. 619.   See an act to authorize the formation
of companies for the construction of water-works, etc., 1
R. S. 1876, p. 329.

If the water-works company can be regarded as any
kind of a manufacturing company, and the water-pipes by
which the water is distributed to customers throughout the
city, as machinery, the lien may be enforced thereon ; be-
cause the mechanic's lien law gives a lien for machinery
furnished for any manufactory.   See the act cited above.

It is suggested that as water-works companies are men-
tioned in the act, a section of which is quoted above, for
the incorporation of manufacturing, etc., companies, it
amounts to a legislative declaration that a water-works.
company is, in this State, to be held to be a manufacturing
company.   This might be so, if the act was limited, by its

title, to providing for the incorporation of manufacturing companies; but it is not. It provides for the incorporation of manufacturing and mining companies, and those for mechanical, chemical and building purposes. These latter companies may not necessarily be manufacturing companies. In each case, it will be a matter of fact, depending upon what the company organizes to do, whether it is a manufacturing company, and comes duly under the operation of the mechanic's lien law, or not. See the definition of a manufacturer for purposes of taxation. 1 R. S. 1876, p. 95. Were this the case of a gas company, instead of a water-works company, it would be a plain one upon the authorities.

In *Commonwealth* v. *Lowell Gas Light Company*, 12 Allen, 75, it is said, by BIGELOW, C. J. :

" The corporation is established  *  * 'for the purpose of manufacturing and disposing of gas in the city of Lowell.' The mains or pipes laid down in the streets and elsewhere to distribute the gas among those who are to consume it were clearly a part of the apparatus necessary to be used by the corporation in order to accomplish the object for which it was established. They constituted a part of the machinery by means of which the corporate business was carried on, in the same manner as pipes attached to a pump or fire engine for the distribution of water, or wheels in a mill which communicate motion to looms and spindles, or the pipes attached to a steam engine to convey and distribute heat and steam for manufacturing purposes, make a portion of the machinery of the mill in which they are used. Indeed, in a broad, comprehensive and legitimate sense, the entire apparatus by which gas is manufactured and distributed for consumption throughout a city or town constitute one great integral machine, consisting of retorts, station meters, gas-holders, street-mains, service-pipes and consumers' meters, all connected and operating

70 SUPREME COURT OF INDIANA.

The Kentucky Lead and Oil Co. *et al. v.* The New Albany Water-Works.

together, by means of which the initial, intermediate and final processes are carried on, from its generation in the retort to its delivery for the use of the consumers."

To the same effect, *Memphis Gas-Light Company* v. *The State*, 6 Coldwell, 310.

In *Dudley* v. *Jamaica Pond Aqueduct Corporation*, 100 Mass. 183, the court, by HOAR, J., say:

"The defendants are an aqueduct corporation, taking their water from Jamaica Pond in West Roxbury, and distributing it through pipes arranged with the usual gates, shut-offs, cocks and faucets, in the territory which was the city of Roxbury when the tax was assessed upon them. They had in the town of West Roxbury a gate-house at the pond, where the water passed through chambers and passages provided with filters and screens to purify it and keep it free from foreign substances; and so arranged with gates that the water could be excluded from some of the chambers, or let into them at pleasure, to give an opportunity to cleanse them.    *    *    *    *    *    *

"The plaintiff contends that the defendants are a manufacturing corporation within the meaning of the tax acts; and seeks to bring his case within the principles stated in *Commonwealth* v. *Lowell Gas Light Company*, 12 Allen, 75, in which case it was held that the pipes and meters of a gas company, used for conveying and distributing gas to its customers, were to be regarded as machinery under the provisions of the statute of 1864. But we can see no resemblance between the cases. A gas company is strictly a manufacturing corporation, and comes within the letter as well as the spirit of the act. Instead of sending its manufacture to its customers in packages, or by other vehicles, it distributes it through pipes which are connected with and form a necessary appendage to its works. But an aqueduct company manufactures nothing. Nothing is put into the article which it supplies to change

its natural condition, and the whole operation of the water-works is designed merely to keep foreign substances from mingling with it. It is not so much a manufacturing company as a company is which mines coal and prepares it for market. Neither in a popular nor legal sense is there any such use of the term 'manufacturing company' as would include the functions of an aqueduct company, or describe the distribution of pure water as a branch of manufactures."

We think the water-works company can not be held to be a manufacturing company. And, though the pipes for distributing the water may be, and we think are, properly to be regarded as machinery, still that machinery was not furnished to a manufacturing company, and, hence, is not embraced by the mechanic's lien law. It is not necessary that we shall say whether the lead in question is or is not to be regarded as machinery.

In California, machinery furnished for and used in a mill is the subject of a mechanic's lien. *Donahue* v. *Cromartie*, 21 Cal. 80. And, in Maryland, machinery for a factory and furnaces, when bricked into the cellar of a private house, have been made the subjects of a mechanic's lien. *Weber* v. *Weatherby*, 34 Md. 656.

The judgment is affirmed, with costs.

Howk, J., was absent.