JUDGE ELLIOTT
delivered the opinion oe the court.
This is an attempt by appellants to enforce a mechanic’s lien against some of the bridges, culverts, trestles, etc., of the Mt. Sterling Coalroad Company.
To give to .the mechanics’ lien law a construction that would allow enforcement of mechanics’ liens on such structures would destroy the usefulness of these roads, so valuable to the public.
This court decided in Applegate, &c. v. Ernst, &c., 3 Bush, 650, that a “ railroad, from one end to the other, is an entirety, and, as a whole only, may be subject to taxation or coercive sale. Fragmentary taxation or sales might be unjustly vexatious and injurious to the owners, pervert the destination of the road, and disturb the public use and interest. To avoid such evils and absurdities, the law treats a railroad and all its appurtenances as one entire thing, not legally subject to coercive severance or dislocation. In that consolidated character it must be taxed for state revenue, and can not be a fit subject for local taxation by the separate counties through which it runs.” The same doctrine is held in 5 Bush, 243 and 12 Bush, 238, and in the *426 latter decision it is said that the locomotives, cars, etc., are treated as fixtures of the road.
It is not contended that the mechanics’ lien law in terms embraces railroad structures, etc., but it is said that its language is broad enough to include them.
We can not believe that it was the intention of the legislature to give such a lien, and we can not, by construction, decide that the mechanics’ lien law embraces railroad structures, when such a construction would not only be contrary to, but ruinous to the public interest.
The effect of the construction contended for might be to parcel out the various bridges, culverts, etc., of the road among the mechanics who furnished the material and erected them, and retard or destroy the usefulness of the road to the corporation as well as to the public.
Wherefore the judgment of the court below is affirmed.