THE STATE *to use of the* BOARD OF EDUCATION V. TIEDEMANN,
*Plaintiff in Error.*

1. **Public School Property Exempt from Execution.** It
   would be against the policy of our laws to permit the property of a
   board of education, held for public school purposes, to be taken in
   execution at the suit of a creditor.

2. **Injunction against Execution.** Equity will interpose by in-
   junction to prevent a sale of such property under execution.

*Error to Madison Circuit Court.*—HON. LOUIS F. DINNING,
Judge.

Tiedemann having obtained a judgment against the
Board of Education of the city of Cape Girardeau, caused
an execution to be issued and levied on the school build-
ing and the land on which it was situate, together with the
school furniture, belonging to the board. Thereupon the
board applied for and obtained an injunction against a sale
under the execution. Upon a final hearing the injunction
was perpetuated, and Tiedemann sued out this writ of error.

*Louis Houck* and *Sam. M. Greene* for plaintiff in error.

1. The board had an adequate remedy at law, and,
therefore, equity had no jurisdiction to enjoin the sale.
Wag. Stat., p. 1066; Kerr on Injunction, 205, 206, 298,
349, 406, 551; *Duncan v. Gibson*, 45 Mo. 352; *Head v. Pit-
zer*, 1 Mo. 548; *Matson v. Field*, 10 Mo. 100; *George v. Tutt*,
36 Mo. 141; *Reed v. Hansard*, 37 Mo. 199; *March v. Bast*,
41 Mo. 493; 2 Story Eq. Jur., (6 Ed.) 887; Hilliard on
Inj., §§ 24, 28, 43, 165. 2. The judgment is a lien on the
realty of plaintiff. Wag. Stat., 790. "An execution is the
end and front of the law." Power to sue carries with it a
right to enforce a judgment obtained, by execution. *Allen
v. School Trustees*, 23 Mo. 418.

*Wilson Cramer* for defendant in error.

1. The Board of Education is a public corporation, and the property it holds, as such, is vested in it for the use and benefit of the public schools of the city. Gen. Stat., p. 275, § 6; Sess. Acts 1867, p. 160, § 6; *Heller v. Stremmel*, 52 Mo. 311; *State v. Leffingwell*, 54 Mo. 471; Dillon on Munic. Corp., pp. 30, 33. 2. Judgments against the board cannot be enforced by execution. There is no statute providing for such process against a public corporation. Constitution 1865, art. 8, § 6; Wag. Stat., § 31, p. 294; § 36, p. 295. The only remedy is by mandamus. Dillon on Munic. Corp., p. 432, § 446. 3. Popular education is a matter of public concern, fostered by the constitution and laws of Missouri, and it certainly could not have been intended, and would be against public policy that the property of the public school corporations of the State should be subject to seizure and sale upon execution. 4. Injunction is a proper remedy. *Holland v. Baltimore*, 11 Md. 186; *Baltimore v. Porter*, 18 Md. 284; *Damschroeder v. Thias*, 51 Mo. 105; *McPike v. Pen*, 51 Mo. 63; *Vogler v. Montgomery*, 54 Mo. 585; *Holthaus v. Hornbostle*, 60 Mo. 439.

SHERWOOD, C. J.—We are all agreed that the beneficial plaintiff in this action is a public corporation. Gen. Stat., 275, § 6; Sess. Acts 1867, 160, § 6; Dillon on Munic. Corp., § 10. *Heller v. Stremmel*, 52 Mo. 309, and, therefore, not subject to the process of execution, at least so far as any school building or property is concerned. 1 Wag. Stat., § 36, p. 295. And this idea finds further support in the avowed policy of this State, evinced in the most decided manner in our organic as well as statutory provisions, to favor and foster popular and promiscuous education, by applying, for that purpose, a large portion of the revenues of the State, as well as authorizing local and burdensome taxation for the erection of school buildings and the maintenance of schools. It would greatly tend to frustrate the design and purpose of

1. PUBLIC SCHOOL PROPERTY EXEMPT FROM EXECUTION.

the law in respect to common schools, were school build-
ings and property liable to sale under the hammer, as
attempted in the present instance.   And besides, nothing
would be gained by such proceeding; for supposing the
school house sold, it would immediately become the duty
of the "board of education" to levy taxes for the erection
of a new school house, and, therefore, nothing would be
gained.   As the board, as just seen, is authorized to levy
taxes, it would seem that the appropriate method of pro-
cedure, in such cases, would be by mandamus to compel
the levy of a sufficient tax to pay the indebtedness.   Dil-
lon on Munic. Corp., § 446.   Such a course would certainly
avoid all difficulty, and oftentimes prevent the sacrifice of
valuable property.   But however this may be, whatever
may be the proper course to pursue, we are confident that
it would contravene the evident policy of our laws to per-
mit school property to go to sale under *fi. fa.*, either general
or special.   In addition to the foregoing observations, it
has been expressly decided by this court, that a school
house and lot, title whereof is vested in a board of educa-
tion, is not the subject of a mechanics' lien.   *Abercrombie
v. Ely*, 60 Mo. 23.   If not subject to the lien, then not sub-
ject to a sale to enforce such lien.

   But it is insisted that the beneficial plaintiff had an
adequate remedy at law, and, therefore, equity should not
2 INJUNCTION interpose injunctive relief.   It is true that
AGAINST EXECU-
TION.         relief could have been thus obtained, but
this does not oust equitable jurisdiction in a case of this
sort, for if it be the case that the school house was not
vendible under execution, equity would interfere to prevent
a cloud from being cast on the title by reason of a void
sale, and also to prevent a multiplicity of suits springing
from such void act.   *Holland v. Mayor*, 11 Md. 186; *Mayor
v. Porter*, 18 Md. 284; *Vogler v. Montgomery*, 54 Mo. 577;
*Damschroeder v. Thias*, 51 Mo. 100; *McPike v. Pen*, 51 Mo.
63.

   These considerations induce an affirmance of the judg-

ment of the lower court, which perpetually enjoined a sale of the property levied on.    All concur.

AFFIRMED.