# Eufaula Water Company *v.* Addyston Pipe & Steel Company.

*Action by Material-man to enforce Statutory Lien.*

1. *Statutory lien for materials; arises when.*—A statutory lien for materials furnished for any building or improvement on land, under contract with the owner or proprietor (Code, §§ 3018-19), attaches only when they are furnished for the purpose to which they are devoted, and not when they are supplied on the general credit of the purchaser, without reference to their use in any particular building or improve-ment; but it is not necessary that there should be a stipulation for a lien, nor that the contract should be made with a view to charging the property, the law implying the lien when it is not negatived by any thing in the contract.

2. *Same; water-pipes as improvement.*—Water-pipes furnished and laid on land may constitute an *improvement* within the terms of the statute, the value of which may be charged on the land as a lien; but, where the pipes or materials are furnished to a company operating a system of water-works, and extend for a half-mile or more through the lands of third persons, not connecting with the pumping station or stand-pipe at either end, the buildings and stationery machinery, with the acre of land on which they are erected, can not be charged with a lien for the entire value.

3. *Same; works of quasi-public corporation.*—Authorities cited on the question, whether the property of a corporation having public functions to perform, as a company furnishing water to a city through its works, can be charged with a statutory lien for materials furnished, but no opinion expressed.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought by the Addyston Pipe & Steel Company, an Ohio corporation, against the Eufaula Water Company, a corporation organized under the general statutes of this State, and engaged in the business of supplying water through its works to the city and citizens of Eufaula; and was commenced on the 23d July, 1888. The complaint contained the common count for goods sold and delivered, and a special count seeking to enforce a statutory lien on the defendant's property for the value of a large quantity of "piping," furnished by plaintiff to defendant under contract, for use in the construction of its works. The amount of the plaintiff's claim was $3,021.60, and its validity or amount was not controverted; "the only question being," as the bill of exceptions states, "whether plaintiff was entitled to a lien

[Eufaula Water Co. v. Addyston Pipe and Steel Co.]

on the property described in the complaint." The court charged the jury, on request, that they must find for the plaintiff on this issue, if they believed the evidence; and this charge, to which the defendant excepted, is here assigned as error.

JONES & FALKNER, for appellant.—(1.) A statutory lien does not arise on every ordinary sale of building materials, but only when they are sold under a contract or agreement that they shall be used for the purposes mentioned in the statute. *Chateau v. Thompson*, 2·Ohio, 114; *Cotes v. Shorey*, 8 Iowa, 416; *Hill v. Bishop*, 25 Ill. 349; *Fuller v. Nickerson*, 69 Me. 236; *Mehan v. Thompson*, 71 Me. 492; *Rogers v. Currier*, 13 Gray, 129; *Eslinger v. Heubner*, 22 Wisc. 632; *Hills v. Elliot*, 16 Serg. & R. 56; *Weaver v. Sells*, 10 Kans. 609; *Delahay v. Goldie*, 17 Kans. 265. In this case, the correspondence between the parties shows that the goods were sold in the ordinary course of trade, without reference to any particular use; that no credit was contemplated, but it was substantially a cash transaction, without any reference to a statutory lien. (2.) Neither the piping, nor the use to which it was applied, constitutes an "erection or improvement on land," as those terms are used in the statute.—*Railroad Co. v. Vanderpool*, 78 Amer. Dec. 691, and authorities cited. (3.) Only an insignificant portion of the pipe was laid on the land here sought to be condemned; and it does not connect with the buildings and structures erected on the land; yet the effort is to subject this property to a lien for the value of all the pipe furnished, extending for a half-mile or more through the lands of third persons. (4.) The defendant is a *quasi*-public corporation, and engaged in the discharge of public functions. Its works and property are an entirety, and can not be subjected to judicial sale by piece-meal. The sale of any part, even the smallest, would probably paralyze the entire system, and might result in remediless injury to public interests; might prevent the flushing of sewers in times of epidemic, or failure of water supply in case of a fire. On principles of public policy, it is submitted, these statutory provisions can not be construed to apply to corporations such as this defendant.—Phil. Mech. Liens, §§ 179, 180; Overton on Liens, 569; *Gue v. Canal Co.*, 24 How. 257; *Railroad Co. v. Visscher*, 114 U. S. 340; *Comm'rs v. Tommey*, 115 U. S. 122; 29 Amer. Rep. 412; *Foster v. Fowler*, 60 Penn. St. 27; *Rutherford v. Rail-*

*road Co.*, 35 Ohio, 559; *Railroad Co. v. Driscoll*, 52 Texas, 13; 3 Amer. & Eng. Corp. Cases, 425, note; 25 Amer. Rep. 288; 78 Amer. Dec. 691.

G. L. COMER, *contra.*—(1.) The statutory lien arises by virtue of the contract, and the furnishing of the materials; it is implied by law, and no special reservation or stipulation is necessary.—Phil Mech. Liens, §§ 159, 118, 182, 202; *Hill v. Newman*, 38 Penn. St. 141; *Cooper v. Cleghorn*, 50 Wisc. 113; *Hubbell v. Scheyer*, 15 Abb. Pr. (N. S.) 300; *Powder Co. v. Byrnes*, 12 Abb. Pr. 469; 21 Central L. J. 306; *Hill v. Railroad Co.*, 11 Wisc. 214; 72 Mo. 664; 74 Mo. 374; *Chase v. James*, 10 Hun, N. Y. 506; *Hogan v. Cushing*, 49 Wisc. 169; *Helm v. Chapman*, 5 Pac. Rep. 352; *Davis v. Alford*, 94 U. S. 545; *Mining Co. v. Collins*, 104 U. S. 176. (2.) As to what materials are within the statute, and what are erections or improvements, see *Derrickson v. Edwards*, 5 Dutch. 468; 4 Dutch. 39; 11 Nev. 304; *Beatty v. Parker*, 141 Mass. 523; 76 N. Y. 50. See, also, as to construction of similar statutes, 5 Col. 23; 66 Cal. 291; 42 Penn. St. 68; 83 Penn. St. 111; 11 Wisc. 389.

McCLELLAN, J.—This action was brought by the appellee against the appellant, to recover on an account for piping furnished to be used in the construction of waterworks in the city of Eufaula, and to have a lien, as for materials supplied, declared and enforced against a certain one-acre lot belonging to the defendant, situated just beyond the corporate limits of said city. This lot was the *situs* of defendant's pumping station, and on it were erected and placed buildings and machinery essential to forcing water into defendant's stand-pipe or reservoir—a half-mile distant —whence it was supplied, through a system of pipes, to the city and its inhabitants. The piping supplied by the plaintiff was used in making the conduit between the pumping station and the reservoir, a distance of about three thousand feet, and extended from a point twenty-five feet within the lot in question, and outside of the buildings thereon, to the reservoir, being for its whole length, except said twenty-five feet, on land which did not belong to defendant, but in which the water-company had an easement for this purpose only. Judgment for the amount in suit went for the plaintiff, and to this no objection was made, or exception reserved. The case is presented here solely on exceptions to the court's

general charge in favor of plaintiff, and its refusal to give the general charge for the defendant, as to whether a lien existed on the one acre in question, and the buildings thereon, for the satisfaction of the money judgment; and against the correctness of this action of the court several considerations are urged upon our attention.

We do not doubt that the laying of pipe *on* the lot of land, for the purpose shown by this record, is an "improvement" within the meaning of Code, section 3018; nor that the value of pipe furnished for such a purpose might ordinarily be charged on the land, under the law which provides a lien for mechanics and material-men.—*Derrickson v. Edwards*, 29 N. J. L. 468; *Helm v. Chapman*, 66 Cal. 29; *Beatty v. Parker*, 141 Mass. 523.

The proposition, that the lien attaches only where the materials have been furnished for the purpose to which they are devoted, and that it does not arise where they have been supplied on the general credit of the purchaser, and without reference to any contract, express or implied, for their use in a particular building, or for the improvement of certain land, can not be denied. The use to be made of the materials, the structure into which they are to enter, or the land which they are to improve, must be in the contemplation of the parties when they are furnished, else it can not be said to have been furnished "for any building or improvement on land . . . . under or by virtue of a contract with the owner thereof," &c.; nor the claim therefor enforced as a lien against property to which they have been applied, in the unrestrained discretion of the purchaser.—*Chateau v. Thompson*, 5 Ohio St. 114; *Cotes v. Shorey*, 8 Iowa, 416; *Fuller v. Nickerson*, 59 Me. 228; *Rodgers v. Currier*, 13 Gray, 129; *Tyler v. Currier, Ib.* 134; *Hills v. Elliott*, 13 Serg. & R. 56; *Weaver v. Sells*, 10 Kansas, 609; *Tyler v. Jewett*, 82 Ala. 93, 100.

But it is equally well settled, that there need be no stipulation for a lien, nor need the contract of supply be made with a view to charging the property. If the contract of the parties is no more than a sale of the materials for a particular building or improvement on land, or to be used in the construction of certain works, and there is nothing negativing the reservation of a lien, or the idea that the material-man, if need be, will look to the property for payment, the law raises the implication that the contract of furnishing was made on the security afforded by the prop-

erty into which the materials enter, and will declare and enforce the claim against the property itself.—*Shilling v. Templeton,* 66 Ind. 559; *Jones v. Swan,* 21 Iowa, 181; *Smith v. Coe,* 29 N. Y. 666; Phillips Mec. Liens, § 118.

In the case at bar, there was no agreement for a lien, but it very clearly appears that the materials were furnished *for* the construction of water-works at and for the city of Eufaula, *under a contract.* We find nothing in the record to indicate a waiver of the lien, or in negation of plaintiff's right to resort to that mode of enforcing the payment of its account. Our opinion, therefore, is, that under the facts of this case, this objection to the judgment below is untenable.

A much more serious objection is predicated upon the fact, that while something like three thousand feet of piping was furnished under this contract, all of which was used in defendant's works, and for the value of all of which judgment was rendered; yet only twenty-five feet of it was laid on the lot of land sought to be condemned, and even this pipe did not extend into the buildings located thereon, and also condemned, but was connected therewith by material not supplied by plaintiff. The whole theory of the statute is to give the material-man a preferred claim on a lot of land, for the amount he has contributed in improving that particular land, or the buildings situated thereon. Can the lien on a particular lot in a town, or a certain "one acre" in the country, be made to cover and secure a claim for materials which have not been used on that lot or acre at all, but which have been used on other lands, on which no lien is asserted, merely because all of such material is used in a system of works, covering a large area, and to the efficiency of the system each part is essential? The terms of the statute, in our opinion, answer this inquiry in the negative. Section 3018 of the Code provides that "every . . person, who shall furnish any material . . . for any building or improvement on land, . . . . shall have a lien therefor on such building or improvement, and on the land *on which the same is situated,* to the extent . . . in area of the entire lot or parcel of land if in any city, town or village, or, if not in any city, town or village, of one acre." Sections 3019 and 3020 provide for the removal, in certain contingencies, of the building or improvement, *from the lot or acre,* to which the buildings or improvements on which the lien attaches, by the purchaser at the sale made in satisfaction of the lien. Section 3025 confines the right of selection of the land to

be charged with the lien, to the lot or acre which includes *"the site of such building or improvement."* Section 3021 provides a method by which a lessor, where the materials have been furnished at the instance of a lessee, shall have the right to prevent the removal of the building or improvement *from the premises;* i. e., from the lot or acre upon the interest of the lessee in which the lien attaches. It is thus made to appear that the building or improvement must be situated *upon* the lot or acre (§ 3018), in such sort that a purchaser of the debtor's interest in that lot or acre would have the right to remove the same therefrom (§ 3019); or, in case the premises were under lease, to become the tenant thereof, and remove the improvement or building from the lot at the end of the term (§ 2030), unless its removal is prevented by payment therefor being made by the lessor (§ 3021); and finally, that where the tract carved from exceeds one acre, and is not in a city, &c., the selection must include the site of the building or improvement (§ 3025).

Conceding that the pipe supplied by the plaintiff, and laid under ground from the line of the lot sought to be subjected to the reservoir, was necessary to the use and enjoyment of that lot, and the buildings and machinery thereon, it is not *situated* thereon; the purchaser at a sale under this judgment could not remove it therefrom; nor, if the debtor be a lessee of the lot, could the lessor prevent its removal by paying the judgment; and the lot in no sense includes the site of the piping thus laid under the streets, and under the lands of other persons, for a half mile beyond the acre claimed under the lien. Though essential to the pumping station, it is not more essential thereto than it is to every other part of the system of water-works, and to the reservoir, public fountains, fire-plugs, and houses throughout the city of Eufaula to which water passes through the system; and it can no more be said to be a part of the pumping building than a part of the reservoir, stand-pipe, or any other place, pipe or house in the city reached and supplied by the system. So that the lien might as well be declared on the pumping station for building the stand-pipe, and, *e converso*, the stand-pipe might be subjected for buildings or improvements on the pumping-station lot; and each and both, with the land about them to the extent specified in the statute, might be subjected for the value of the intervening pipe, which is a part of both, or either, and an improvement on each lot, if on either. Moreover, if a lien for the value of

3,000 feet of pipe outside of the one acre may be predicated on the 25 feet within the acre, one foot within would sustain a lien for 10,000 without, and so on, *ad infinitum.* Similarly, a railway depot, and the lot on which it stands, might be subjected to a lien for building the road, or repairing it, or for the erection of another depot a hundred miles away; and the interest of a telegraph company in a building in Eufaula might be subjected to the payment for wire furnished in constructing a line to the city of New York. A construction which would establish a principle under which such results would be possible, can not be tolerated. The purpose of the statute is to give the material-man a lien on the lot, or acre of land, for the value of the materials supplied by him which have been applied and used *on that land,* in the erection of buildings, or other improvements thereon, and also on such building or improvement there situated; and the terms of the enactment are not only apt in the expression of this purpose, but equally so to the exclusion of anything beyond it.

Under a similar statute in Illinois, an attempt was made to fasten a lien on a house, for the construction, in connection with the house, of a vault under the street, on which the building abutted, the vault being intended for use and used as a part of the house. The lien was denied. The court, by Caton, C. J., said: "The important question is, whether the suit can be maintained, where the appurtenance is not upon the premises sought to be subjected to the lien. The statute gives the lien to any person who shall, by contract with the owner of a piece of land or town lot, furnish labor or materials for erecting or repairing any building, or the appurtenances of any building, on such land or lot. We have sought in vain to so construe this statute as to give the lien where the appurtenance was in the street, and not on the lot. We are constantly met with the unmistakable language of the act: 'Any building or appurtenances of any building *on such land or lot.*' This certainly means that both the building and the appurtenance shall be on the lot. We can not fairly construe it so as to give a lien upon a lot, for improvements made off of it, although appurtenant to a building upon the lot. . . . The law simply says so, and by it we are bound."—*Parmelee v. Hambleton,* 19 Ill. 615.

In Indiana, the statute provides that: "Mechanics, and all other persons performing labor or furnishing materials for the construction or repair of any building, or who may

furnish any engine or other machinery for any . . . manufactory, may have a lien upon the building which they have constructed or repaired, or upon any building or . . . other manufactory, for which they have furnished materials, and on the interest of the owner in the lot on which it stands, to the extent of the value of the labor done, or materials furnished, or both." Under this law, a suit was brought to recover on an account for pig-lead used in constructing the pipes of a water company, which formed the conduits of the water furnished by the company, between its pumping station and its reservoirs, as also the pipes used in the distribution of the water from the reservoirs; and it was sought to have the amount of the recovery charged as a lien on the buildings of the pumping station, &c. It does not seem that this effort proceeded on the idea that the pipes were a part of the engine building, or constituted an improvement on the lot on which that building stood, though they ran into that lot, and connected with the building. It seems, on the contrary, to have been conceded by counsel that the lien could only be sustained on the theory, that the buildings of the water-company constituted a "manufactory," and that the pipes, though no part of the buildings, were "machinery" for such manufactory. The lien was denied, on the ground that the water-company was not a manufacturing company, and its plant was not a manufactory. This decision involves necessarily the tacit negation of the proposition insisted on here for the appellee.—*Ky., L. & O. Co. v. New Albany Water Works*, 62 Ind. 63; Phillips Mec. Liens, § 202.

We know of no adjudged case which militates against the construction which the language of our statute requires should be put on it, unless it be that *Beatty v. Parker, supra*, in which it is held that the lien attaches to a house, for labor and materials performed and furnished in laying a drain-pipe from the building into a sewer on the opposite side of the street. The pipe was embraced in the contract for the erection of the house, and the opinion proceeds on the idea that it was a part of the house; and there is certainly more reason for so holding, than can be found for deciding the pipes involved here to be a part of the pumping station buildings of the water-company.—*Beatty v. Parker*, 141 Mass. 523. The cases cited from New Jersey are not in point. The structure there involved was a flume, extending a short distance from a pond *into* a mill, and con-

veying water which furnished the motive power of the mill. The whole of this flume *was on the land condemned*, so that the question we have was not there involved.—*Derrickson v. Edwards, supra; Edwards v. Derrickson*, 28 N. J. L. 29. In the same State it was held, that a floating dock is not a building within the meaning of that term, as employed in the mechanic's lien law, inasmuch as it is necessary to the existence of the lien that the structure should be erected *on the lot sought to be subjected*, and have remained there until the lien attached,—conditions that could not be filled by a floating structure.—*Codington v. Dry Dock Co.*, 31 N. J. L. 477.

But, whatever may be the adjudications in other States, we see no escape from the construction we have indicated of our own statute, the result of which is to deny plaintiff's right to a lien on the lot and building sought to be subjected, except for so much of the piping as was laid within the one acre. As this was so insignificant (25 feet out of 3,000), we deem it hardly necessary to determine whether a material-man's lien can in any case attach to property of an incorporation *quasi*-public in its character and functions, when the enforcement thereof would interfere with the performance of duties it owes the public. It may be that water companies, and the like, can not have their public functions thus interfered with, by the enforcement of the lien of a material-man by a sale of any part of their property, which is essential to the service of the public. Ordinarily, the coercive process of the law should run against their property and franchises as an entirety, so that the public interests in them will be conserved. It may readily be conceived that the sale under judicial process of the buildings and machinery which constitute the pumping station of a water-company, whose duty it is to supply water to a populous city for its people, for the suppression of fires, and for public sanitation and comfort, might result not only in individual inconvenience, but also in serious public danger and disaster. We expressly refrain, however, from more than a citation of some of the authorities on this point.—*East Ala. Railway Co. v. Visscher*, 114 U. S. 340; *Water Co. v. Hamilton*, 3 A. &. E. Corp. Cas. 421, *n.* 425; *Gue v. Tide Water Canal Co.*, 24 How. 257; *Commissioners v. Tammany*, 115 U. S. 122; *Foster v. Fowler*, 60 Pa. St. 27; *McPheeters v. Merrimac Bridge Co.*, 28 Mo. 465; *Graham v. Mt. Sterling Railway Co.*, 29 Amer. Rep. 412; s. c., 14 Bush (Ky.), 425; *LaCrosse*

[Stephens v. Regenstein & Co..]

& Mid. R. R. Co. v. Vanderpool, 78 Amer. Dec. 691, n. 697.

The charge of the court, as to the lien claimed by the plaintiff, was erroneous; and the judgment, in so far as it declared such lien, is reversed, and the cause remanded.

CLOPTON, J., not sitting.