## STATE ex rel. G. D. MAGGI, Appellant, v. B. H. LOOMIS, Respondent.

### St. Louis Court of Appeals, April 23, 1901.

1. **Bond**: FOR BENEFIT OF THIRD PARTIES: WHEN BINDING. Contracts, similar to the bond executed by defendants to the State of Missouri, may be enforced by third persons not named in it, who are not privy to the consideration thereof, if made for their benefit.

2. ———: FOR THE BENEFIT OF LIENORS: BOND INTERPRETED. The bond was made for the use and benefit of all persons entitled to liens under its terms, according to the provisions of law in such cases made and provided. The relator being entitled to no lien, hence, had no right of action.

3. ———: BENEFICIARIES, PRIVIES, OR PARTIES, ONLY CAN RECOVER. No one has a right of action on a contract except those who are in the minds of the parties as beneficiaries of its provisions, or who are parties or privies thereto, unless they acquire rights under it by assignment or novation.

Appeal from Phelps Circuit Court.—*Hon. Leigh B. Woodside*, Judge.

AFFIRMED.

#### STATEMENT OF THE CASE.

According to the allegations of the petition, B. H. Loomis made a contract with the board of trustees of the State Federal Soldiers' Home of St. James, Missouri, to build a boiler house on the premises of the home and by the terms of the contract bound himself to protect all persons who might perform any labor or furnish any material for the said structure *and who*

State ex rel. v. Loomis.

*would be entitled to liens thereon.* The other defendants were the sureties of said Loomis on his bond to the State of Missouri for the faithful performance of the contract. The parts of the bond important in this action are the condition that the principal should complete the building, "free of all mechanics' liens and truly keep and perform the covenants, conditions and agreements in said contract and the within instrument contained on his part to be kept and performed at the time and in the manner and form therein specified," and this clause: "This bond is made for the use and benefit of all persons who may become entitled to liens under said contract according to the provisions of law in such cases made and provided and may be sued upon by them as if executed to them in proper person." The relator Maggi, it is averred, worked on said building as an employee of Loomis until he had earned forty-three dollars and seventy-five cents, and the breach of the condition of the bond assigned is that Loomis had failed and refused to pay him any part of that sum. The prayer was for judgment on the bond against the principal and the sureties for two thousand dollars, the amount of the penalty to be satisfied by the payment of what is owing to plaintiff with interest and costs.

The respondent demurred to the petition for the reasons that there was no privity of contract between the relator and the defendants, that Maggi had no cause of action against the defendants nor right to sue on the bond and that no assignment of it to him by the trustee of the Federal home is averred. The appeal was taken from the final judgment in favor of the defendants on the demurrer.

*Thomas M. & Cyrus H. Jones* for plaintiff.

(1) The bond sued on was given to the State of Missouri to secure the faithful performance of the contract entered into by the defendant Loomis to the State through the trustees of

State ex rel. v. Loomis.

the State Federal Soldiers' Home and was given also to the State FOR THE BENEFIT OF ALL PERSONS WHO MIGHT PERFORM WORK OR LABOR AND BE ENTITLED TO LIENS. It follows therefore that the plaintiff Maggi had a right to sue upon the bond for the failure of Loomis, the contractor, to pay him for his work and labor performed on the building of the State. And again, a contract between two persons made upon a valid consideration may be enforced by a third person though not named in the contract, where the obligee owes to him some duty legal or equitable which would give him a just claim. In the case at bar, the State owed Maggi both the legal and equitable duty to protect him in his labor done and performed for the State on its property. City of St. Louis to use v. VonPhul, 133 Mo. 561. (2) The duty which the State owes to one who labors upon its property creates such a privity between the State and the laborer as will entitle such laborer to the benefit of the bond given by a contractor to secure the performance of the contract providing for labor and material claims to be paid by said contractor. Luthy v. Woods, 6 Mo. App. 67; City of St. Louis v. Keane, 27 Mo. 642; City of St. Louis to use v. VonPhul, 133 Mo. 561.

*Farris & Norvell* for respondent.

(1) The action of the court in sustaining demurrer to plaintiff's petition was correct. The first point upon which appellant relies as set out in his brief is the following clause in the contract: "That the defendant agreed to pay and protect all persons who might perform any labor or furnish any material upon, to or for said boiler house building, and who would be entitled to liens thereon." This clause is void for the reason that under the law of this State public property is exempt from mechanic's liens. City of St. Louis v. O'Neil Lumber

Co., 114 Mo. 82; Abercrombie v. Ely et al., 60 Mo. 23; The City of Clinton ex rel. v. Henry Co., 115 Mo. 568. (2) And the following clause in the bond appellant contends gave him the right to bring this action thereon: "This bond is made for the use and benefit of all persons who may become entitled to liens under the said contract according to the provisions of law in such cases made and provided, and may be sued upon by them as if executed to them in proper person." Maggi was not, and could not have been, entitled to a lien on this property; hence, he could not come in under this clause in the bond. Abercrombie v. Ely et al., 60 Mo. 23; The City of Clinton ex rel. v. Henry Co., 115 Mo. 568. (3) Nor in any event could appellant maintain an action on this bond for the reason that he is neither a party nor a privy thereto. Am. and Eng. Corp. Cas., 608; Bank v. Heney, 40 Minn. 145; Schade v. Gehner, 133 Mo. 252; Insurance Co. v. Water Co., 42 Mo. App. 188; Roddy v. Railroad, 104 Mo. 234.

GOODE, J.—We have no doubt that contracts similar to the bond executed by the defendants to the State of Missouri may be enforced by third persons not named in the instrument nor privy to the consideration, if they were made for their benefit. Crone v. Stinde, 156 Mo. 262; St. Louis to use v. Von-Phul, 133 Mo. 561; Devers v. Howard, 144 Mo. 671; School District ex rel. v. Livers, 147 Mo. 580; Luthy v. Woods, 6 Mo. App. 67. It is old-time law in our State that the beneficiary of a contract, agreed to by two other persons, may maintain an action on it. Bank v. Benoist, 10 Mo. 519; Robbins v. Ayers, Id., 538; Meyer v. Lowell, 44 Mo. 328; Rogers v. Gosnell, 51 Mo. 466, and 58 Mo. 589; State ex rel. v. Gaslight Co., 102 Mo. 472; Ellis v. Harrison, 104 Mo. 270. The question to be determined here is, whether the contract and bond, or either, given by Loomis to the State of Missouri, can

be fairly construed to have been made for the benefit of Maggi. The language of both instruments necessarily excludes this inference. According to the petition the contract says, "The defendant, (Loomis) was to pay and protect all persons who might perform any labor or furnish any material upon, to and for the said boiler house building and who would be entitled to liens thereon." We have there an explicit specification of those individuals who were in the minds of the parties to the agreement as possible beneficiaries of it. The language does not embrace all who might perform labor or furnish material, but only such as do one of those things and are entitled to a lien therefor. In that respect the contract differs from those construed in Crone v. Stinde, City ex rel. v. VonPhul, Devers v. Howard, School District ex rel. v. Livers, Luthy v. Woods, supra, in which cases the contracts were so worded as to protect laborers and materialmen without the qualification that they should be lienors. The Federal home is a public eleemosynary institution. Art. 8, chap. 118, R. S. 1899. The title to the property is vested in the State. Sec. 7799, R. S. 1899. It is exempt from liens for labor or material. Dunn v. Railway Co., 24 Mo. 493; McPheeters v. Bridge Co., 28 Mo. 465; Abercrombie v. Ely, 60 Mo. 23; City ex rel. v. Henry Co., 115 Mo. 557, 568. The relator, Maggi, although he had earned wages in working on the building, could have no lien against it, and hence, was not within the purport of the contract as a possible beneficiary thereof. Appellant lays much stress on St. Louis v. O'Neil Lumber Co., as being opposed to this view, but we are sure it isn't. The city of St. Louis had contracted with one McLane to make repairs on the House of Refuge for a stipulated price. He was required to furnish satisfactory evidence that all persons who had done work or furnished materials under the agreement and were entitled to a lien therefor, and had been fully paid and had no longer

the right to such lien. If he failed to furnish the evidence the board was authorized to reserve whatever they considered necessary from the price until those liabilities were fully discharged. McLane abandoned the work before it was completed and his sureties made an arrangement with the city to finish it under the old contract. They did so. When McLane absconded he owed several persons for work and materials. The city had reserved a large portion of the contract price. McLane's creditors filed suits in equity against the city asking to have the amounts which he owed them charged against that balance of money which was due from the city under the contract. Higgins and Sellers, the sureties for McLane who had completed his work, claimed, on the other hand, that as they had performed the contract satisfactorily they ought to receive the residue of the money. The city paid the fund it owed on the contract into court and compelled the rival claimants to interplead.

If it had been held under the foregoing facts that the creditors of McLane were entitled to priority over Higgins and Sellers, the opinion would support the appellant's position, but no such ruling was made. It was conceded that Higgins and Sellers must be paid first. The question of priority came up among the creditors of McLane, of whom the first one to institute its suit against the city contended that it ought to be paid before the others and so on *pari passu*. The majority of the Court of Appeals allowed this contention, but Judge THOMPSON dissented and the Supreme Court sustained him; holding the interpleaders were not entitled to liens, yet equity would distribute the fund ratably and that the first suitor acquired no preference. It is thus apparent that the decision in no sense determined that McLane's creditors could sue on the bond to the city for their labor or material, but simply that a preference would not be recognized in dividing the fund among

them. On the other hand, the fact that Higgins and Sellers, who completed McLane's contract, were given the right over all his creditors to be paid first out of the contract price, shows conclusively that their inability to maintain a lien against the property deprived them of the right to proceed on the bond; because, as Higgins and Sellers were sureties on the bond, they could never, according to equitable principles, have taken their pay for completing McLane's contract out of the price to be paid him, in advance of the satisfaction of laborers and materialmen, if their bond had bound them to see that the latter were paid. In that case the city would have been entitled to withhold the money from the sureties and pay it to the creditors of McLane, just as the owners of the buildings are in other cases when the bond and contract obligate the principals and sureties to see that laborers and materialmen are satisfied. In Luthy v. Woods the contention was that the provision of the contract by which the school board was authorized to retain amounts to meet the claims of materialmen was invalid for lack of consideration because there could be no mechanic's lien on a public schoolhouse; but the court justly held that as such a provision was not against public policy and was incorporated in the contract by the parties to it, it was valid.

Neither of these cases, nor any other to which we have been referred, countenances the notion that Maggi, who is a stranger to the contract and bond and is not one of their designated beneficiaries, can maintain this action.

Looking now at the bond, the reason for denying him redress becomes more cogent; because, if there is doubt about the meaning of the agreement, there can be none whatever as to the meaning of the bond, which is the instrument declared on. Its language is, "This bond is made for the use and benefit of all persons who may become entitled to liens under said contract according to the provisions of law in such cases made and pro-

vided and may be sued upon by them as if executed to them in proper person." There can be no uncertainty as to who are and who are not entitled to sue on the obligation with so plain a designation on its face. The relator had no lien and therefore no right to sue. The covenant was never made for his benefit and he stands outside the principle of law invoked in his behalf. Where articles of co-partnership provided that, "the mercantile debts of the present jobbing business of the said Thomas Ellis, Jr., shall be assumed by the firm of Harrison and Ellis," it was ruled that while the holders of such debts might sue on the contract, a person holding a demand against Thomas Ellis, which was not a "mercantile debt of the said present jobbing business," did not come within the stipulation. Ellis v. Harrison, 104 Mo. 270. The sharply defined limit of the document is that no one has the right of action on an agreement except those who are in the minds of the parties as the beneficiaries of its provisions. It is elementary law that persons who are neither parties nor privies to a contract can not maintain an action for its breach, unless they acquire rights under it by assignment of novation. State v. Railway Co., 125 Mo. 596, 615; Lewis v. Land Co., 124 Mo. 672; Insurance Co. v. Water Co., 42 Mo. App. 118. The fruitless clauses in the present instrument were probably due to a stereotyped form being followed.

The judgment is affirmed. All concur.