The proceedings, which resulted in the appointment of the receiver in this cause, were instituted on August 20th, 1925. The appellant was employed by the insolvent company as secretary and sales manager. He filed a claim with the receiver for $711.49, and claimed to be entitled to preference under section 83 of the General Corporation act. 2 Comp. Stat. p. 1650. This claim was made up of two items, to wit, $333.33, representing salary due him from the defendant company for the two months preceding the institution of these proceedings and an additional sum of $378.16, representing moneys expended by him for railroad fares, hotel bills, meals and incidental expenses while traveling for the insolvent company. The receiver allowed that portion of the claim which represented salary as a preferred claim, but refused to give preference to the portion of the claim representing moneys advanced by claimant for expenses, allowing this portion as a general claim. From this determination of the receiver the claimant has appealed to this court, and asks for reversal of the receiver's decision with reference to the expense money.
The statutory provision under which this claim for preference is made is as follows:
"83. In case of the insolvency of any corporation the laborers and workmen, and all persons doing labor or service of whatever character, in the regular employ of such corporation, shall have a first and prior lien upon the assets thereof for the amount of wages due *Page 736 
to them, respectively, for all labor, work and services done, performed or rendered within two months next preceding the date when proceedings in insolvency shall be actually instituted and begun against such solvent corporation." P.L. 1896 p. 303; 2Comp. Stat. p. 1650 § 83.
To entitle a claimant to preference under this section the claim must be for wages due for labor or services rendered within two months next preceding the date of the institution of insolvency proceedings.
The Standard Dictionary defines "wage" as "payment for service rendered, especially the pay of manual laborers receiving a fixed sum per day, week or month." See, also, 40 Cyc. 240, where the word "wages" is similarly defined.
In Delaware, Lackawanna and Western Railroad Co. v. OxfordIron Co. 33 N.J. Eq. 192 (at p. 202), Vice-Chancellor Van Fleet held that the preference given by this section of the Corporation act "is in derogation of the common right of equality among creditors of the same rank, and the scope of the statute should not, therefore, be extended by construction," and in holding that interest on a claim for wages was not allowable as a preferred claim, further said: "The court is bound to give what is granted, but nothing more. The lien given is for wages, and, I think, the court is bound to restrict it to wages." See, also,Lehigh Valley Coal and Navigation Co. v. Central Railroad Co.,29 N.J. Eq. 252.
Appellant cites Watson v. Watson Manufacturing Co., 30 N.J. Eq. 588,
as authority for his contention that he is entitled to a preference on his whole claim. In that case, a drayman's claim for wages due to him for services rendered by him with the aid of his horses and wagon was allowed as a preferred claim, and this was on the theory that the horses and drays were the tools or instruments of his trade, and the appellant insists that so, also, were the trains, hotels, meals, c., the tools or instruments of his employment, and that, consequently, he is entitled to a preference for the expenses thus incurred. The cases are not analogous. In the Watson Case the drayman, his horses and drays, were employed as a single entity, and his claim could not well be divided. In the case now under consideration, however, the *Page 737 
claimant was hired as secretary and sales manager for a definite and fixed monthly salary. The testimony submitted on this appeal does not indicate any express agreement for the payment of the expenses of the claimant, either as a part of his salary or compensation, or otherwise; although from the course of dealings between the claimant and his employer an agreement for reimbursement might be implied, as the statement submitted by the claimant shows reimbursement by the insolvent company from time to time of the moneys expended by the appellant. It seems quite clear, however, that the advances by the appellant of his own expense money was in the nature of a temporary loan to the company, and the amount due him for such advances cannot, under these circumstances, be considered "wages." Undoubtedly, in a well-ordered business the employer would have advanced expense money to the employe, but the claimant, notwithstanding his intimate knowledge of the company's affairs and its financial difficulties, voluntarily advanced the moneys required for his expenses, and this must, necessarily, be considered as a loan. But, even if I considered the appellant to be entitled to a preference for this claim, then it could not be allowed for the full amount, inasmuch as the amount of money advanced by him for expenses for the two months preceding August 20th, 1925, was only $177.75, and not $378.16, the amount of the claim disallowed. Under no circumstances could this claim exceed the amount advanced during the two months' period. The account shows further that, during the same period, he received from the company on account of expenses the sum of $185. The receiver claims that the payments during the two months' period should be applied to the disbursements during the same period, and that, therefore, nothing is due to claimant for this period in any event; but, in the view I take of this case, it is unnecessary to decide this point. I am of the opinion that the expense moneys advanced by the claimant, and for which preference is now claimed, are not within the statute. The determination of the receiver will therefore be sustained. *Page 738