Carl Fichandler and others appeal from the decision of Joseph Steiner, receiver. The receiver disallowed their claims to priority for the full amount. From this determination of the receiver the claimants appeal.
The receiver took the testimony of S.S. Long, president of the insolvent corporation; N.J. Fagan, general manager; E.J. Clark, factory foreman, and others, and determined that the claims of the appellants should not be allowed for priority in full. *Page 322 
It appears from the testimony that claimants received various amounts of money on account of their wages during the two months next preceding the insolvency. The money paid during the two months next preceding the insolvency was credited by the receiver as of the time when the payments were actually made.
The claim of Fichandler was for $352 for unpaid salary commencing November 20th, 1931, to January 6th, 1932, at the rate of $210 per month. The books of the company disclosed that from November 7th, 1931 (the date two months next preceding the appointment of the receiver), to December 23d 1931, inclusive, the claimant received on account of salary the sum of $197.03 for the period commencing November 7th, 1931, and ending January 7th, 1932. The amount claimed was $420 at the rate of $210 per month. The receiver deducted $197.03 from the $420, holding that the amount of $222.97 balance was to be allowed claimant as a priority claim, and the remainder as a general claim. He adopted the same procedure in the matter of the claims filed by the others.
The facts in each case are analogous with the exception of the claim of Charles Dearborn, which was for moneys advanced by him as a salesman for the company. His claim in the sum of $1,193.04 was entirely disallowed as a priority claim, but allowed as a general claim.
In Colyer v. Foster Screen Co., 99 N.J. Eq. 734, we held, in construing section 83 of the General Corporation act (2 Comp.Stat. p. 1650), that an employe of an insolvent corporation is not entitled under said section to a preference on his claim for reimbursement for expenses incurred in the performance of his duties and for the payment of which expenses he had personally advanced the funds.
As to the other claimants, the testimony taken by the receiver shows that from November 7th to January 7th, the two months next preceding the appointment of the receiver, the claimants received some moneys on account of salaries, which were charged on the books of the company to past accrued salaries. The appellants made their claims to the *Page 323 
receiver for salary for the entire two months next preceding his appointment. The receiver deducted the payments made during the two months next preceding his appointment, and allowed the difference as priority claims.
Section 83 (2 Comp. Stat. p. 1650) provides:
"In case of the insolvency of any corporation the laborers and workmen, and all persons doing labor or service of whatever character, in the regular employ of such corporation, shall have a first and prior lien upon the assets thereof for the amount of wages due to them respectively for all labor, work and services done, performed or rendered within two months next preceding the date when proceedings in insolvency shall be actually instituted and begun against such insolvent corporation."
The preference given by section 83 of the General Corporation act is in derogation of the common right of equality among creditors of the same rank, the scope of the statute should not be extended by construction. It is wholly statutory and the right to preference in payment of wages does not vest until the happening of the statutory requirements; it is created only when insolvency proceedings are begun, and then arises in favor of those persons, and for such amounts and under such conditions as the legislation on the subject then in force may prescribe.Mingin v. Alva Glass Manufacturing Co., 55 N.J. Eq. 463;Delaware, Lackawanna and Western Railroad Co. v. Oxford IronCo., 33 N.J. Eq. 192; Colyer v. Foster Screen Co., Inc.,supra.
The determination of the receiver is sustained. *Page 324